**Emeterio HINOJOSA, Appellant,**

v.

**Federico TAGLE and Mary Tagle Parents of Adelita Tagle, on Behalf of Themselves Individually and as Parents of Adelita Tagle, Appellees.**

No. 13–83–142–CV.

Court of Appeals of Texas, Corpus Christi.

March 15, 1984.

Sylvia Mandel, Staff Counsel for Inmates, Tex. Dept. of Corrections, Huntsville, for appellant.

Glynn A. Pugh, Corpus Christi, for appellees.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a default judgment granted by the trial court in favor of appellees, the Tagles, and against Emeterio Hinojosa.

Appellant asserts on appeal that the trial court violated appellant's constitutional right to access to the court and due process of law by granting a default judgment against him because appellant was incarcerated in the Nueces County jail at all times pertinent to the lawsuit and was not allowed an opportunity to be present and be heard.

Appellees in this case filed suit against appellant Hinojosa in tort for the alleged kidnapping of their minor daughter. They plead damages for personal injury to the family sustained as a result of the abduction by way of loss of the minor daughter's service to the parents, cost of rehabilitation of the minor daughter, pain and suffering on the part of the minor daughter and for punitive damages. The trial court heard evidence and granted judgment for the appellees. No statement of facts was brought forward on appeal.

Appellant was served with citation in this lawsuit on April 26, 1982, at the Nueces County Jail. No answer was filed by appellant. On June 10, 1982, appellant was mailed interrogatories. The interrogatories show, by certificate of service, that they were mailed to appellant at the Nueces County Jail. Appellees filed a Motion for Sanctions which was served on appellant on September 29, 1982. At a hearing, the Court granted appellees' motion for sanctions and granted an interlocutory default judgment. Thereafter, a hearing on damages was held on January 6, 1983. A certificate of service showed appellant was mailed a copy of the order setting the hearing on December 8, 1982. On January 10, 1983, the trial court granted a final judg-

ment for the appellees in the amount of $1,654,550. On February 8, 1983, appellant filed a pro se motion for new trial. In his motion for new trial, appellant contended that he was denied due process of law because he was incarcerated on October 14, 1982, demanded to be taken to court to answer, but was refused the opportunity to be heard. The motion was not acted upon by the trial court and was ultimately overruled by operation of law. Appellant gave notice of appeal.

A defendant in a suit filed in district court is required to answer by filing a written answer to a plaintiff's petition at or before 10:00 o'clock a.m. on the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. TEX.R.CIV.P. 101. The citation so states. A party upon whom the interrogatories are served shall answer the interrogatories not less than thirty days after the service of the interrogatories, unless authorized by the Court. TEX.R.CIV.P. 168(4). No complaint was made on lack of notice.

■ Here, the appellant was served with appellees' petition on April 26, 1982. Interlocutory default judgment was not granted against defendant until November 9, 1982, seven months after service was perfected. Appellant does not claim he was not served with any of the pleadings on file, nor does he claim that he lacked notice of the proceedings instituted against him. The return of service in the record appears to have been properly served, and the length of time between service of the original petition and final judgment gave appellant ample opportunity to respond in some manner to the suit. We hold that the trial court did not abuse its discretion in entering a default judgment against appellant. Appellant's second point of error is overruled.

■ In appellant's first point of error he claims denial of due process of law because of his incarceration. Procedural due process requires notice reasonably calculated to apprise an individual of the pendency of the action against him and afford him an

opportunity to be heard. *Searcy v. State Bar of Texas*, 604 S.W.2d 256 (Tex.Civ.App.—San Antonio 1980, no writ); *Galindo v. State*, 535 S.W.2d 923 (Tex.Civ.App.—Corpus Christi 1976, no writ). There is no contention by appellant that he was not apprised of the pendency of the lawsuit. The record shows appellant was served with all pleadings. The first prong of the due process test was met by proper service of process.

Appellant next contends that he was not afforded a right to be heard because he was not able to attend the hearing at which default was granted by way of sanctions for appellant's failure to comply with discovery in violation of the 14th Amendment. Appellant was given ample opportunity to avail himself of his right to be heard, either by filing an answer to the original petition or by communication with the trial court in some manner. Appellant could have written an answer on any kind of paper and had the same transmitted to the trial court. Almost all judges receive written communications from people who are incarcerated. Instead, appellant chose to wait until final judgment was entered against him. He then, for the first time, communicated to the court in a pro-se motion for new trial. Although he could not personally attend the hearings due to his incarceration, his own subsequent actions showed that he could have communicated his contest of this case in some manner other than by personal appearance. Appellant's first point of error is also overruled.

The judgment of the trial court is affirmed.