**Bishop Rene H. GRACIDA, Relator,**

v.

**The Honorable Hilda TAGLE, Judge, 148th Judicial District Court of Nueces County, Texas, Respondent.**

No. 13–97–081–CV.

Court of Appeals of Texas, Corpus Christi.

May 8, 1997.

---

Michael J. Sullivan, Porter, Rogers, Dahlman & Gordon, Corpus Christi, for relator.

Hilda Tagle, Corpus Christi, for respondent.

David J. Metzler, Michael W. Huddleston, McCauley, MacDonald, Love & Devin, Dallas, David V. Herin, Corpus Christi, for real parties in interest.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This original mandamus proceeding concerns the propriety of the trial court's order striking Bishop Rene H. Gracida's petition in intervention. We deny the petition for writ of mandamus.

The Roman Catholic Diocese of Corpus Christi filed suit against Stoeltje Associates, Inc. and Salazar Construction Company for improper construction and engineering design after major defects were discovered in a classroom/convent building at Our Lady of Guadalupe Church in Corpus Christi. The Diocese alleged violations of the Texas Deceptive Trade Practices–Consumer Protection Act, breach of contract, breach of implied warranty of good and workmanlike services, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligence, gross negligence, and breach of engineer's duty of good faith and fair dealing. The case is still pending. At the time of the construction, Salazar Construction was insured by St. Paul Lloyds Insurance Company.

St. Paul Lloyds was subsequently notified that the Diocese had sued Salazar Construction. St. Paul Lloyds then filed a suit for declaratory judgment against Salazar Construction. In the suit, St. Paul Lloyds asked the trial court to declare that it had no duty to defend or indemnify Salazar Construction because the damages claimed by the Diocese were not covered by the insurance policy. Because all of the Diocese's property is owned by Bishop Gracida as a corporate sole, Bishop Gracida sought to intervene in the declaratory judgment action. Both St. Paul Lloyds and Salazar Construction objected to Bishop Gracida's intervention, and the trial court struck the intervention.

Bishop Gracida requests that we order the trial court to allow him to intervene in the declaratory judgment action. The real parties in interest in this original proceeding are St. Paul Lloyds and Salazar Construction.

 Mandamus is an extraordinary writ which should be used only when there has been a clear abuse of discretion or a violation of a clear right possessed by the relator and when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839, 840 (Tex.1992); *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). The relator must establish that the trial court could reasonably have reached only one decision. *Packer*, 827 S.W.2d at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* However, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

 A person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof. *Guaranty Fed. Sav. v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990); *National Union Fire Ins. Co. v. Pennzoil Co.*, 866 S.W.2d 248, 250 (Tex.App.—Corpus Christi 1993, no writ); *see* TEX.R.CIV.P. 60. The interest asserted by the intervenor may be legal or equitable. *Guaranty Fed. Sav.*, 793 S.W.2d at 657. The trial court has broad discretion in determining whether an intervention should be stricken. *Id.* However, it is an abuse of discretion to strike a plea in intervention if 1) the above test is satisfied, 2) the intervention will not complicate the case by an excessive multiplication of the issues, and 3) the intervention is almost essential to effectively protect the intervenor's interest. *Id.* The intervenor bears the burden to show a justiciable interest in the lawsuit. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex.1982); *Pennzoil Co.*, 866 S.W.2d at 250.

### Declaratory Judgment Action

 The issue to be decided in the declaratory judgment action is whether St. Paul Lloyds has a duty to defend and indemnify Salazar Construction under the insurance policy. Bishop Gracida contends that a certificate of insurance, issued by St. Paul Lloyds prior to the construction, establishes that the Diocese is a third-party beneficiary of the insurance policy. The certificate of insurance shows that the certificate holder is the Catholic Diocese of Corpus Christi and that the operations/location is the classroom/convent of Our Lady of Guadalupe Church. The certificate, however, only names Salazar Construction Company, Inc. as the insured. The certificate specifically

states that it is issued to provide information and does not confer any rights on the holder.

 A claimant has no contractual rights under an insurance policy until he obtains a judgment against the insured. *Filley v. Ohio Casualty Ins. Co.*, 805 S.W.2d 844, 847–48 (Tex.App.—Corpus Christi 1991, writ denied). A third-party claimant has no contract with the insurer, has no legal relationship with the insurer, and has no basis upon which to expect or demand benefits from the insurer. *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex.1994). Without some evidence that Bishop Gracida or the Diocese was named as an insured or beneficiary on the policy, the certificate of insurance alone is not enough to give the Bishop standing to intervene in the declaratory judgment action.

We find no other evidence in the record establishing Bishop Gracida's right to intervene in the declaratory judgment action. The trial court's decision to strike the petition in intervention, therefore, was not arbitrary and unreasonable. We hold that the trial court did not abuse its discretion in denying the Bishop's petition in intervention.

### Independent Contract Action

Bishop Gracida also contends that he has an independent contract with St. Paul Lloyds, and that St. Paul Lloyds breached the contract. Bishop Gracida argues that he should be allowed to intervene in the declaratory judgment action so that he can sue St. Paul Lloyds for breach of that contract.

The record reflects that St. Paul Lloyds asked the Diocese for permission to conduct an investigation of the classroom/convent building. The Diocese agreed to allow the investigation on the condition that St. Paul Lloyds provide the Diocese with a copy of the investigation report. Although St. Paul Lloyds conducted the investigation, it did not provide the Diocese with a copy of the report. In addition, Bishop Gracida contends that St. Paul Lloyds agreed to contribute toward a settlement.

The record shows that St. Paul Lloyds agreed to attend settlement/mediation conferences and conduct an inspection, but steadfastly maintained its position that it had no duty to defend or indemnify Salazar Construction. A letter from St. Paul Lloyds reflects that the insurance company attended the settlement/mediation conferences and conducted the inspection only because of continued threats of legal action by the Diocese.

Neither Bishop Gracida nor the Diocese is precluded from filing a separate suit against St. Paul Lloyds for breach of the alleged independent contract. We hold that Bishop Gracida has an adequate remedy at law.

We deny the petition for writ of mandamus.