NUMBER
13-00-312-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

JOHN OCIE ROBERTS,                                                        Appellant,

 

                                                   v.

 

CITY OF LA FERIA TEXAS,                                          Appellee.

 

 

    On appeal from the
103rd District Court of Cameron County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                                    

                                   Opinion by
Justice Yañez

 

 








Appellant, John Ocie
Roberts, filed a plea in intervention in trial court number 97-05-2134-D.  The plea was denied by the trial court and
the intervening suit was given a separate cause number (trial court number
2000-02-632-D).  Appellant argues two
issues on appeal.  First, appellant
contends that the trial court erred and abused its discretion in denying the
plea in intervention and severing the cause of action because the court left
the subject matter of appellant=s suit, the appellant=s alleged property, in
the original suit.  Second, appellant
contends that when the trial court ultimately rendered judgment in the original
suit, he was denied his rights under the open courts doctrine and that his
property was taken without due process. 
We find the trial court did not abuse its discretion in denying the plea
for intervention and the appellant was not denied due process to protect his
property.  The trial court=s ruling is affirmed.

A trial court's striking
of a plea in intervention is reviewed under an abuse of discretion standard.   See Liberty Nat=l
Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629-30
(Tex. 1996); Guar. Fed. Savs. Bank v. Horseshoe Operating Co.,
793 S.W.2d 652, 657 (Tex. 1990).  The trial court has broad discretion in the
matter of consolidation of causes. Tex.
R. Civ. P. 41 (Vernon
2002); McGuire v. Commercial Union Ins. Co., 431 S.W.2d 347, 351 (Tex.
1968).  A trial court=s
discretion, however, is not unlimited and the court is required to exercise
sound and legal discretion within those limits created by the case=s circumstances.  See Womack v. Berry, 291 S.W.2d 677, 683 (Tex. 1956); Apparel
Contractors, Inc. v. Vantage Props, Inc., 620
S.W.2d 666, 668 (Tex. App.BDallas 1981, writ ref'd n.r.e.).








The test for abuse of
discretion is whether the trial court acted without reference to any guiding
rules and principles.  Armstrong v.
Tidelands Life Ins. Co., 466 S.W.2d 407, 412 (Tex. Civ. App.BCorpus Christi 1971, no writ);
see also Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241 (Tex. 1985).  To satisfy the clear
abuse of discretion standard, the appellant must show "that the trial
court could reasonably have reached only one decision."  Walker v. Packer, 827 S.W.2d 833, 840 
(Tex. 1992). 
The mere fact that a trial judge decides a matter within his discretion
differently than another trial or appellate judge might under similar
circumstances does not constitute an abuse of discretion. Armstrong, 466 S.W.2d at 412.

In February 1992, in
cause number 92-02-1201-C, in the 197th District Court of Cameron County, La
Feria Independent School District, La Feria Irrigation District Cameron County
No. 3, and Cameron County sued appellant, John Ocie Roberts, for delinquent ad
valorem taxes on his property[1]
(Aproperty@).  In January 1993, the court rendered judgment
in favor of the taxing entities and against appellant.  In October 1996, pursuant to an order of
sale, the sheriff of Cameron County sold the property to Manuel Alberto
Martinez and Enrique Perez.  Appellant
maintains that he was not notified of the tax suit initiated against him, the
judgment rendered or the subsequent sheriff=s sale of the property.  In contrast, appellee contends that the tax
suit=s final judgment bears
the signature of appellant=s counsel.[2]








Appellant filed a plea
in intervention in cause number. 97-05-2134-D, styled City of La Feria v.
Manuel Alberto Martinez.[3]  The La Feria/Martinez case began in May 1997,
when the city brought suit against Martinez for illegally exerting control over
the city=s funds.  In this case, the city obtained a
receivership on that property which Martinez owned. This included the property
that had belonged to the appellant, since Martinez had bought the property at
the sheriff=s sale in 1996.  However, Martinez allegedly used the City of
La Feria=s money to purchase the
property at the sheriff=s sale.  Therefore, appellant argues that since he had
no knowledge of the previous tax suit or sale of the property, he is still the
owner of the property and should be involved in the La Feria/Martinez suit.[4]

At the La Feria/Martinez
trial, appellant=s plea in intervention
was denied when appellant did not appear. 
Appellant contends he did not have notice of the hearing.  The necessary parties were present at the
hearing.  Furthermore, he asserts he was
actually in the courtroom the day of the hearing and that no hearing actually
occurred, so any hearing that did occur was held behind Aclosed doors.@  Upon appellant=s default, the trial judge denied the plea in
intervention and separated the appellant=s cause of action into a
new cause number (cause number 2000-02-632-D). 
The trial court kept appellant=s property in the
receivership of the La Feria/Martinez suit and proceeded to render judgment
against Martinez.[5]

In this appeal,
appellant argues the trial court erred in denying the plea in intervention and
severing his cause of action because the court left the appellant=s alleged property in
the original suit.  Second, appellant
contends he was denied his rights under the open courts doctrine, and when the
trial court rendered judgment in the original suit his property was ultimately
taken without due process.








Appellant=s first issue is that
the trial court abused its discretion when the court denied the appellant=s plea in intervention
and gave the appellant=s cause of action a
separate cause number while leaving the appellant=s alleged property in the original suit and
rendering judgment in the original suit. 
We overrule the first issue.

The trial court has
broad discretion in determining whether an intervention should be
stricken.  Guar. Fed. Savs., 793 S.W.2d at 657.  A
person or entity has the right to intervene if the intervenor could have
brought the same action, or any part thereof, in his own name, or, if the action
had been brought against him, he would be able to defeat recovery, or some part
thereof.    See
Tex. R. Civ. P. 60; Guar. Fed. Savs., 793 S.W.2d at 657; Gracida
v. Tagle, 946 S.W.2d 504, 506 (Tex. App.BCorpus
Christi 1997, no writ). 
It is an abuse of discretion to strike a plea in intervention if: 1) the
intervenor could have brought any part of the action in is own name; 2) the
intervention will not complicate the case by an excessive multiplication of the
issues; and 3) the intervenor meets its burden to show a justiciable interest
in the lawsuit.  Guar. Fed. Savs.,
793 S.W.2d at 657; Nat=l Union Fire Ins. Co.,
v. Pennzoil Co., 866 S.W.2d 248, 250 (Tex. App.BCorpus Christi 1993, no
writ).  If the intervenor=s interest in the
subject matter of the litigation is contingent or remote, he is not entitled to
intervene.  Rogers
v. Searle, 533 S.W.2d 440, 442 (Tex. Civ. App.BCorpus
Christi 1976, no writ).








None of the necessary
requirements have been met to show the trial court abused its discretion in
this case.  First, the suit in which
appellant was attempting to intervene was originally brought by the City of La
Feria against Martinez for embezzlement of funds. Appellant Roberts had no
standing to prosecute the city=s complaints against
Martinez. Second, appellant=s cause of action rests
on facts and theories that are significantly different than those presented in
the La Feria/Martinez case and would not normally be included in the cause of
action.  The only nexus between appellant
and Martinez is the property.  The issue
of ownership of the property is determined by the tax suit and the ensuing
order of sale, neither of which are integrally related to La Feria=s suit.  Third, although appellant does have an
interest in the property, his interest is not justiciable.  Appellant=s interest was not wholly contingent upon a
judgment in the La Feria/Martinez case.  See Mendez, 626
S.W.2d at 499.  In fact, the
judgment in the La Feria case does nothing to change or alter the original
judgment of the tax suit of which appellant complains.

To satisfy the clear
abuse of discretion standard, the appellant must show the trial court could
reasonably have only sustained the plea in intervention and the appellant has
not done so.  See Walker, 827 S.W.2d at 840. 
The appellant has not shown that the trial court made its decision
without referencing any guiding law or principles and, for these reasons, we must
overrule appellant=s first issue.

Appellant=s second issue is that
the trial court denied him access to the open courts doctrine and due process
when it kept his alleged property in the lawsuit and rendered judgment on the
original suit.








First, appellant=s reliance on the open
courts doctrine is misplaced because the provision is only applicable if there
is some legislative barrier to the courts.  Diaz v. Westphal, 941 S.W.2d 96, 100 (Tex. 1997); Armstrong v. Randle, 881 S.W.2d 53, 56 (Tex. App.BTexarkana 1994, writ denied).  The open courts doctrine has three
constitutional guarantees. Randle, 881 S.W.2d at 56.  First, the courts must be actually operating
and available.  Id.  Second, the legislature cannot impede access
to the courts by unreasonable financial barriers.  Id. 
Third, meaningful remedies must be afforded and the legislature may not
abrogate the right to assert a well-established common law cause of action
unless the reason for its action outweighs the litigant=s constitutional right
of redress.  Id.  Under this definition, the open courts
provision is only applicable when the legislature attempts to abrogate a
right; the provision is inapplicable when challenging a discretionary act of a
trial court.  Id.

In this case, appellant
is attacking the discretionary act of the trial court=s denial of his plea in
intervention.  Therefore, since the
legislature has not impeded access to the courts, appellant=s reliance on the open
courts doctrine is misplaced.  See id.

Secondly, the record
does not adequately demonstrate that the trial court violated any due process
rights by its denial of the plea in intervention.  Substantive due process bars arbitrary
governmental actions regardless of the fairness of the procedures used to
implement them.  Zinermon
v. Burch, 494 U.S. 113, 125 (1990);
Levine v. Maverick County Water Control & Improvement Dist. No. 1, 884 S.W.2d 790, 795 (Tex. App.BSan
Antonio 1994, writ denied). 
As stated above, the trial court did not arbitrarily deny appellant=s plea, and thus there
was not a denial of substantive due process. 
See Burch, 494 U.S. at 125.








Procedural due process
requires the state not deprive its citizens of property without first providing
appropriate procedural safeguards and notice that is reasonably calculated to
inform an individual of the pendency of the action against him in order to give
him an opportunity to be heard.  Burch, 494 U.S. at 125; Hinojosa v. Tagle, 667 S.W.2d 927, 928 (Tex. App.BCorpus Christi 1984, no writ).  The record shows that on May 11, 1999, the
order setting the La Feria/Martinez trial date of January 24, 2000 at 9 a.m.
was sent to counsel on record for appellant. 
In addition, the same order indicated that announcements pertaining to
the trial would be heard on January 21, 2000. 
At the January 21st proceedings, numerous references were made to the
trial date, including specific references to the appellant=s intervention.  Despite these notices, the court=s record denying the
plea indicates neither appellant, nor appellant=s counsel, was present at either hearing. 

Appellant argues that he
thought there might be a trial on January 24, 2000, indicating he was, at some
time, informed of a trial date. 
Moreover, appellant states he was actually in the courtroom on January
24th waiting for trial, but no trial occurred. 
Because of these assertions, appellant asserts  that the trial was held in secret and behind
closed doors, thus abrogating his right to be heard.  However, neither the record before this
Court, nor any evidence presented by the appellant, other than his statement,
supports this contention.  In fact,
appellee states in a sworn affidavit that prior to proceeding on January 24,
2000 the trial court asked if appellant was present before hearing argument on
the plea.  Additionally, appellee=s counsel states he
looked for appellant in the courtroom but did not find him.  Finally, the judicial order denying the plea
in intervention indicates that all parties were present at the hearing with the
exception of appellant. 








Any denial of procedural
due process which may or may not have occurred would have occurred in the
original tax suit and the actions of that court are not before this Court. See
Tex. R. App. P. 33.1.  Furthermore, appellant=s claims with regard to
the propriety of those actions may be addressed in the action as severed by the
trial court.  Therefore, for the above
reasons, we conclude that there was no denial of due process by the trial court=s denial of
intervention.

We overrule both issues
presented by appellant.  The judgment of
the trial court is affirmed.

 

 

                                                        
                                                             

LINDA REYNA YAÑEZ

Justice

 

 

 

 

Do
not publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

22nd day of August, 2002.

 











[1] All of Block 1, Rabb
Heights Subdivision Number 1, and the West 2 feet of the South 321.46 feet of
Block 2, Rabb Heights Subdivision Number 1. La Feria Grant, Cameron County,
Texas.





[2] The official sheriff=s order of sale and the
deed transferring the property to Martinez were included in the record;
however, the final judgment was not.





[3] Appellant=s first plea in
intervention was filed pro se on June 8, 1998. On January 7, 1999,
Angela Nix, attorney of record for appellant, filed an amended plea in
intervention. 





[4]  Appellant claims his first notice of the sale occurred when the City of
La Feria=s receiver placed notice of
the receivership on the property. 
Moreover, apparently, at some time after the appellant=s plea in intervention,
appellant along with counsel, filed a bill of review on the previous tax
suit.  Subsequently, the bill of review
was denied and the tax suit was rendered final.





[5] Final judgment was signed
on February 7, 2000.