NUMBER 13-05-0024-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

CONSUMERS COUNTY MUTUAL 

INSURANCE COMPANY, Appellant,


v.
 


EUGENIO MENDOZA, SR., ET AL., Appellee.

 


On appeal from the 139th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez



 Consumers County Mutual Insurance Company ("Consumers") appeals an order
striking its plea in intervention and a turnover order nunc pro tunc. We conclude that the
trial court abused its discretion in striking Consumers' plea in intervention and that the
turnover order nunc pro tunc is void. We vacate that order and dismiss this appeal for
want of jurisdiction.

I. Background


 On December 9, 1999, Eugenio Mendoza, Sr., Eugenio Mendoza, Jr., Maria Helena
Mares, Ana Maria Solomon, Irma M. Cavazos, Robert F. Mendoza, Ramona E. Rodriguez,
San Juanita D. Acevedo, Nancy Corinne De Luna and Reynaldo Mendoza, and David A.
Ewers, as administrator of the estate of Maria de Jesus Mendoza, deceased, brought suit
against Jose Antonio Garcia and Geronimo Mendoza, Sr., individually, and d/b/a Looney
Tunes Day Care in the 139th District Court of Hidalgo County. According to the petition,
Geronimo Mendoza, Sr. drove to the grocery store to obtain supplies for his business,
Looney Tunes Day Care. Maria de Jesus Mendoza was a passenger in his vehicle. 
Garcia ran a stop sign and collided with Mendoza's vehicle resulting in the death of Maria
de Jesus Mendoza. 

 Isabel Peralez Flores, Veronica Mendoza, individually and as next friend of
Geronimo Mendoza, Jr., Clarissa Mendoza, Shameka Mendoza, and Geronimo Mondoza,
Sr. intervened in the lawsuit.

 On January 24, 2001, the trial court entered judgment in favor of the plaintiffs and
intervenors against Garcia. (1) The judgment reflects that Garcia was proceeding pro se. 

 On April 15, 2002, the plaintiffs and intervenors applied for turnover relief against
Garcia in that same court and cause number: (2)

 Plaintiffs and Intervenors would show the Court that Defendant is the owner
of property described as a fraud cause of action, a breach of fiduciary duty
cause of action, a negligence cause of action, a breach of contract cause of
action, a deceptive trade practice cause of action, a bad faith cause of
action, and several causes of action cited in the Texas Insurance Code,
Articles 21.21, et seq. and other sections of the code which are appropriate
in this case against AMCO Insurance Company, Inc., pursuant to a Texas
Auto Policy ("policy") issued by them [sic]. This property owned by
Defendant cannot readily be attached or levied on by ordinary legal process. 
The property is not exempt under any statute from attachment, execution, or
seizure for the satisfaction of liabilities.


 Plaintiffs and Intervenors move the Court to order Defendant to turn over
said property, with all documents or records related to the property, including
the policy of insurance, to applicants' respective attorneys.


 On September 30, 2002, a hearing was held on the application for turnover relief. 
AMCO Insurance Company ("AMCO") did not appear by counsel or otherwise. During the
hearing on the motion for turnover relief, counsel stated that the "defendant doesn't have
any assets other than really a bad faith claim and pending claims against his insurance
carrier, so what we'd like to do is get turned over to the plaintiffs and the intervenors here
the claim that the defendant has." Counsel additionally requested "turnover relief [of] the
defendant's cause of action if he has any against his insurance company. . . ." That same
day, the trial court granted turnover relief against AMCO. The existence or potential
existence of any other insurance companies was neither discussed at the hearing nor
referenced in the turnover order. 

 Some time thereafter, plaintiffs and intervenors brought suit against Consumers and
other insurance carriers in a separate cause in the 93rd Judicial District Court in Hidalgo
County, Texas, regarding Garcia's causes of action for failure to defend and indemnify him
in the aforementioned suit. Consumers filed a motion for summary judgment against
plaintiffs and intervenors challenging their standing and capacity to assert claims against
Consumers. In its motion, Consumers argued that the turnover order assigned claims
against AMCO and not Consumers, and there was no assignment of any claim against
Consumers. 

 On December 15, 2004, the plaintiffs and intervenors moved for a turnover order
nunc pro tunc in the original cause:

 The order entered in the above-entitled cause by the clerk does not faithfully
correspond to the order of the Court in that the order omits turnover relief to
Jose Garcia's causes of action against all of his insurers. The order should
have specified AMCO Insurance Agencies, Inc., Consumers' County Mutual
Insurance Company, and any other applicable insurance company, as those
are the insurance carriers against whom Defendant Jose Garcia had a
potential cause of action . . . .


 Counsel for Plaintiffs and Intervenors discovered quickly following the
hearing [on the original turnover order] that AMCO was merely the seller of
the insurance policy, but that the insurance carrier issuing the policy was
Consumers County Mutual lnsurance Company. The order signed by the
Court, however, specified only AMCO Insurance Co. Clearly, it was
contemplated by the Court and the attorneys that the order would include
Jose Garcia's causes of action against his insurance carrier, not merely the
agent who sold the policy.


The trial court agreed and entered a turnover order nunc pro tunc that same day. The
nunc pro tunc order vacates the September 30, 2002 turnover order, and issues the new
order "in its place to be effective from September 30, 2002." The nunc pro tunc provides,
in part:

 IT IS THEREFORE ORDERED that Defendant JOSE ANTONIO GARCIA,
turn over for levy to Plaintiffs, Intervenors and their attorneys immediately,
the following: a fraud cause of action, a breach of fiduciary duty cause of
action, a negligence cause of action, and several causes of action cited in
the Texas Insurance Code, Article 21.21, et seq and other sections of the
code which are appropriate in this case against AMCO Insurance Agencies,
Consumers' County Mutual Insurance Company, and any other insurance
company or entity, pursuant to a policy of insurance more specifically
described as: a Texas Auto Policy ("policy") issued by them; together with all
documents or records related to the causes of action and property, including
all rights whatsoever under the policy in question issued by AMCO Insurance
Agencies and/or Consumers' County Mutual Insurance Company, pursuant
to a policy of insurance more specifically described as: a Texas Auto Policy.


Consumers was not a party to this nunc pro tunc proceeding. It was not notified when
plaintiffs and intervenors filed their motion for a nunc pro tunc turnover order or when the
trial court granted the nunc pro tunc order.

 On January 14, 2005, Consumers filed a plea in intervention in this original lawsuit. 
According to Consumers:

 [I]ntervention is now necessary given this Court's December 15, 2004
Turnover Order Nunc Pro Tunc which assigns to the underlying Plaintiffs,
Intervenors and their attorneys various causes of action against Consumers
County that allegedly are held by Jose Antonio Garcia, the defendant in the
underlying action. Consumers County has a justiciable interest in this
turnover proceeding because the order forms the basis of Plaintiff's and
Intervenors' Stowers and other claims filed against Consumers County in the
93rd Judicial District Court, Hidalgo County, Texas.


On February 3, 2003, the trial court struck Consumers plea in intervention. 

 Consumers now appeals the order striking its intervention and the turnover order
nunc pro tunc. In two issues, Consumers contends that the trial court abused its discretion
in striking its plea in intervention and in issuing an allegedly invalid nunc pro tunc order
which should not apply retroactively. 

II. Plea in Intervention


 In its first issue, Consumers argues that the trial court abused its discretion by
striking its plea in intervention. Consumers contends that it has a justiciable interest in the
relief granted in the turnover order nunc pro tunc because it adds references to
Consumers, and others, and purports to apply retroactively. Consumers further argues
that, had the lawsuit been brought against Consumers, it could have defeated all or some
of the recovery; the intervention will not complicate the case; and intervention is almost
essential to protect Consumers' $30 million interest. In reply, appellees argue that
Consumers had no standing to intervene in this case because it had no justiciable interest
in the judgment. Appellees further argue that Consumers has made no showing which
would justify allowing it "two bites at the apple" in review of the turnover order at issue,
pointing to an earlier original proceeding attacking this same issue.

 Intervention is governed by Texas Rule of Civil Procedure 60. See Tex. R. Civ. P.
60. This rule provides that "[a]ny party may intervene by filing a pleading, subject to being
stricken by the court for sufficient cause on the motion of any party." See id. Courts have
considerable discretion in determining whether an intervention should be struck. Guar.
Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990). It is an
abuse of discretion to strike a plea in intervention if: (1) the intervenor could have brought
the same action, or any part thereof, in its own name; (2) the intervention will not
complicate the case by an excessive multiplication of the issues; and (3) the intervention
is almost essential to effectively protect the intervenor's interest. Id.; Tex. Mut. Ins. Co. v.
Ledbetter, 192 S.W.3d 912, 918 (Tex. App.-Eastland 2006, pet. filed); Caprock Inv. Corp.
v. FDIC, 17 S.W.3d 707, 710-11 (Tex. App.-Eastland 2000, pet. denied). 

 Once a motion to strike has been filed, the burden shifts to the intervenor to show
a justiciable interest in the lawsuit. Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex. 1982).
The interest asserted by the intervenor may be legal or equitable. Id.; Guar. Fed. Sav.
Bank, 793 S.W.2d at 657; Gracida v. Tagle, 946 S.W.2d 504, 506 (Tex. App.-Corpus
Christi 1997, orig. proceeding); see Jabri v. Alsayyed, 145 S.W.3d 660, 671-672 (Tex.
App.-Houston [14th Dist. 2004, no pet.). A party has a justiciable interest in a lawsuit, and
thus a right to intervene, when its interests will be affected by the litigation. Law Offices
of Windle Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 71 (Tex. App.-Fort Worth 2003, no
pet.). However, the interest must be more than a mere contingent or remote interest. 
Intermarque Auto. Prods. v. Feldman, 21 S.W.3d 544, 549 (Tex. App.-Texarkana 2000,
no pet.).

 Based on the foregoing, we conclude that Consumers had a justiciable interest in
the turnover proceedings. The judgment in favor of the plaintiffs and intervenors in the
139th District Court led to an action against Consumers in the 93rd District Court. See
Evan's World Travel, Inc. v. Adams, 978 S.W.2d 225, 234-35 (Tex. App.-Texarkana 1998,
no pet.) ("If an intervenor-defendant could not have been sued directly, but a judgment for
the plaintiff may lead to an action against the intervenor or otherwise seriously prejudice
the intervenor . . . the intervention is necessary to assure a proper defense against the
claim."); cf. Gerjets v. Davila, 116 S.W.3d 864, 870 (Tex. App.-Corpus Christi 2003, no
pet.) (concluding that third parties potentially aggrieved by an order have a right to
appellate review of the order to protect their affected property interests). While appellees
contend that Consumers has no justiciable interest in the judgment below, we note that
Consumers is challenging the nunc pro tunc turnover order and not the judgment itself. 
Moreover, while we agree with appellees that post-judgment interventions are, as a general
rule, untimely, such post-judgment interventions are not necessarily barred when the
intervenor is not attacking the substance of the judgment itself, but merely seeks to protect
its interest in property that is the subject of a turnover motion. Compare Breazeale v.
Casteel, 4 S.W.3d 434, 436-37 (Tex. App.-Austin 1999, pet. denied) (allowing post-judgment intervention in turnover proceedings) with First Alief Bank v. White, 682 S.W.2d
251, 252 (Tex. 1984) (refusing intervention where final judgment has been rendered); In
re Guerra & Moore, L.L.P., 35 S.W.3d 210, 217 (Tex. App.-Corpus Christi 2000, orig.
proceeding) (motion to intervene must generally be made before oral judgment is
rendered). 

 Appellees contend that we should not allow Consumers "two bites at the apple"
given that Consumers has previously filed a petition for writ of mandamus on this issue. 
We disagree. Appeals and original proceedings are two different avenues for review with
varying standards of review and different burdens of proof. Moreover, we would note that
original proceedings are not allowed when the relator has an adequate remedy by appeal. 
See In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003). Accordingly,
whether or not Consumers filed an original proceeding is not dispositive or preclusive, of
this appeal.

 We sustain Consumers' first issue. Having concluded that the trial court abused
its discretion in striking Consumers' plea in intervention, we next address Consumers'
complaints regarding the turnover order nunc pro tunc.

III. Turnover Order Nunc Pro Tunc


 In its second issue, Consumers contends that the turnover order nunc pro tunc is
not a nunc pro tunc order and therefore does not apply retroactively. Consumers argues
that error, if any, was not clerical in nature. Consumers further argues that the turnover
order nunc pro tunc is a nullity because (1) plaintiffs and intervenors failed to give
Consumers notice of the application or hearing on the nunc pro tunc order, and (2) the
turnover order nunc pro tunc is procedurally defective. 

 An order nunc pro tunc, which may be entered even after the expiration of a trial
court's plenary power, may only be used to correct clerical errors. Tex. R. Civ. P. 316,
329b(f); Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986); Gutierrez v. Elizondo, 139
S.W.3d 768, 771 (Tex. App.-Corpus Christi 2004, no pet.). A clerical error is a
discrepancy between the entry of a judgment in the record and the judgment the trial court
actually rendered. Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986). A trial court may
only correct nunc pro tunc the entry of a final written judgment that incorrectly states the
judgment actually rendered. Escobar, 711 S.W.2d at 231-32. Conversely, a judicial error
arises from a mistake of law or fact that requires judicial reasoning to correct. Barton v.
Gillespie, 178 S.W.3d 121, 126 (Tex. App.-Houston [1st Dist.] 2005, no pet.). When
deciding whether a correction is a judicial or clerical error, we look to the judgment actually
rendered, not the judgment that should or might have been rendered. Escobar, 711
S.W.2d at 231. A judgment nunc pro tunc should be granted if the evidence is clear and
convincing that a clerical error was made. In re Broussard, 112 S.W.3d 827, 833 (Tex.
App.-Houston [14th Dist.] 2003, orig. proceeding); Riner v. Briargrove Park Prop. Owners,
Inc., 976 S.W.2d 680, 683 (Tex. App.-Houston [1st Dist.] 1997, no writ). 

 In the instant case, the original turnover order provided the relief requested by
motion and orally at the hearing on the turnover order, that is, the turnover of Garcia's
claims against AMCO. The turnover order does not incorrectly state the order actually
rendered. Instead, the turnover order nunc pro tunc adds new parties, Consumers and
others, who were not referenced previously in the lawsuit by pleading or argument. There
is no evidence the claimed omission in the order was the result of a clerical error or that
the trial court or parties even had knowledge of the existence of Consumers at the time the
original turnover order was rendered. Rather, the error at issue arose from "a mistake of
law or fact" that required "judicial reasoning or determination to correct." LaGoye v.
Victoria Wood Condo. Ass'n, 112 S.W.3d 777, 783 (Tex. App.-Houston [14th Dist.] 2003,
no pet.). The law is clear that a drafting error by a party's attorney does not constitute a
clerical error. See id. at 784. We sustain Consumers' second issue.

 We conclude that the turnover order nunc pro tunc was a prohibited attempt to
correct a judicial error. Thus, the turnover order nunc pro tunc is void because it was
entered outside the trial court's plenary power. See Tex. R. Civ. P. 329b(d) (trial court has
plenary power to vacate, modify, correct, or reform judgment within thirty days after
judgment is signed); Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973) (if trial court
corrects judicial-error after its plenary power has expired, then corrected judgment is void). 

 Having concluded that the order is void, we need not address Consumers' other
subissues pertaining to procedural defects in the nunc pro tunc proceeding. See Tex. R.
App. P. 47.1. 

IV. Conclusion


 We vacate as void the trial court's December 15, 2004 turnover order nunc pro tunc
and dismiss this appeal for want of jurisdiction. See Tex. Prop. & Cas. Ins. Guar. Ass'n v.
De Los Santos, 47 S.W.3d 584, 588 (Tex. App.-Corpus Christi 2001, no pet.) (vacating
void judgment and dismissing appeal); Mellon Serv. Co. v. Touche Ross & Co., 946
S.W.2d 862, 864 (Tex. App.-Houston [14th Dist.] 1997, no pet.) (holding that appellate
court must set aside a void trial court judgment); see also Wall Street Deli, Inc. v. Boston
Old Colony Ins. Co., 110 S.W.3d 67, 70 (Tex. App.-Eastland 2003, no pet.) (concluding
that the appellate court should dismiss an appeal from a void judgment for want of
jurisdiction).

 

 ROGELIO VALDEZ,

 Chief Justice




Memorandum Opinion delivered and filed 

this the 8th day of March, 2007.

 
1. The style of the final judgment reflects additional defendants, Edinburg Colonial Manor, Inc., Edna
Bingham and Lynn Arnold. The body of the judgment does not reflect a finding against these defendants and
they are not parties to this appeal.
2. The turnover statute does not require that the judgment creditor appear before a court in a single
proceeding, but provides that the judgment creditor may move for the court's assistance in the same
proceeding in which the judgment is rendered, or in an independent proceeding. Tex. Civ. Prac. & Rem. Code
Ann. § 31.002(a) (Vernon Supp. 2006).