JEFA COMPANY, INC., Appellant,

v.

MUSTANG TRACTOR AND EQUIP-
MENT COMPANY, and Cater-
pillar, Inc., Appellees.

No. A14–93–00394–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 6, 1994.

Rehearing Denied Jan. 27, 1994.

**906**

Rogdan Rentea, Austin, for appellant.

Gregory L. Baker, Washington, Fred W. Stumpf, Keith D. Peterson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Jefa Company, Inc., appellant, appeals the striking of its pleadings as sanctions for discovery abuse. Appellant sued Mustang Tractor and Equipment Company ("Mustang") and Caterpillar, Inc. ("Caterpillar"), referred to collectively as "appellees," seeking damages and an injunction. Appellant alleged that appellees violated TEX.BUS. & COM.CODE ANN. § 15.01 et seq. (Vernon 1987), claiming it had been forced to cease its operations as a result of appellees' acts. The trial court, finding that appellant abused discovery and violated court orders, struck appellant's pleadings. We affirm.

Appellant is a Texas corporation with its principal place of business in Oklahoma. It sells friction material parts for construction equipment and is controlled by Charles Rayl and his family. Western Friction is another company controlled by Charles Rayl and his family. It is also a Texas corporation with its principal place of business in Oklahoma and also sells friction material parts for construction equipment. Through discovery, appellees sought to show that appellant had not been forced to cease operations, but that it simply transferred its operations to Western Friction.

Sometime in June or July of 1992, Charles Rayl visited Mr. Beller, the Texas accountant for appellant and Western Friction, and picked up some, but not all, of appellant and Western Friction documents that were in Mr. Beller's possession. At his August 18th deposition in Oklahoma, Mr. Rayl testified that he was also expecting to receive a shipment of documents from Mr. Beller that very day.

On August 3, 1992, appellees caused a *subpoena duces tecum* to be served on Mr. Beller. At Mr. Beller's deposition on August 27th, he testified that when he was served with the *subpoena duces tecum* on August 3rd, he was in possession of responsive appellant and Western Friction financial records. He testified that, at the request of Mr. Rayl, he sent subpoenaed documents out of Texas to either Mr. Rayl or Mr. Bickford (Mr. Rayl's Oklahoma attorney) in Oklahoma. Mr. Beller stated that he sent a ten inch stack of documents to Oklahoma and specifi-

cally identified computer generated inventory runs and accounts receivable runs for Western Friction as being part of that stack.

Because Mr. Beller failed to produce the subpoenaed documents at his deposition, Mustang moved to compel their production. The trial court granted Mustang's motion on October 5th, ordering the documents to be produced by November 5th.

Separately, Caterpillar moved to compel the production of the subpoenaed documents that were sent out of Texas, requested the court to impose sanctions, and sought an oral hearing. At the October 19th hearing, the trial court ordered the documents to be produced by October 23rd, imposed a $500 sanction against Mr. Beller, and warned appellant that, because it was responsible for causing the documents to be taken out of Texas, failure to produce the documents could result in further sanctions, including the striking of appellant's pleadings.

On October 21st, counsel for appellant and Mr. Beller sent to Caterpillar a stack of documents less than two inches tall. The stack of documents did not contain the computer generated inventory runs and accounts receivable runs that Mr. Beller testified had been sent to Oklahoma. On November 20th, appellees moved to strike appellant's pleadings and on November 30th, the court held an oral hearing on the motion. In opposition to the motion, appellant contended that all responsive documents had been produced and that no documents had been sent to either Mr. Rayl or Mr. Bickford in violation of the *subpoena duces tecum.* In support of its position, appellant produced an affidavit by Mr. Beller. In the affidavit, Mr. Beller stated that he did not measure, but only estimated the size of the stack of documents he gave to Mr. Rayl. He also stated that he never sent any documents to Oklahoma, but that Mr. Rayl picked them up at his office. Mr. Beller did not offer any explanation as to why the computer generated inventory runs and accounts receivable runs did not appear in the stack of documents that appellant produced.

Appellees refuted Mr. Beller's affidavit by highlighting the numerous contradictions between his affidavit and deposition testimony. Appellees further demonstrated that Mr. Beller's deposition testimony was consistent with the contemporaneous deposition testimony of Mr. Rayl. In addition, appellees offered, for the trial court's review, the small stack of documents produced by appellant and showed that the stack contained neither computer generated inventory runs nor accounts receivable runs. The trial court found that appellant failed to produce documents as ordered, notwithstanding the prior imposition of lesser sanctions. The court then struck appellant's pleadings.

Appellant asserts eight points of error. First, that the trial court did not give appellant the opportunity to comply with its order before imposing sanctions. Second, that striking appellant's pleadings is not appropriate under the circumstances. Third, that appellant and its counsel did not engage in past inappropriate conduct with respect to discovery. Fourth, that the trial court should have held an evidentiary hearing before ruling on the motion for new trial. Fifth, that the trial court should have held an evidentiary hearing before ruling on the motion to strike. Sixth, that findings of fact numbers 20 and 21 are in error because they are against the great weight and preponderance of evidence. Seventh, that findings of fact numbers 23–26 are in error because they are against the great weight and preponderance of the evidence. Eighth, that conclusions of law numbers 2–5 are in error because they are against the great weight and preponderance of evidence.

■■■ Appellant's first through third points of error deal with the trial court's decision concerning the discovery abuse and sanctions. The choice of sanctions to be imposed after a party abuses the discovery process is left within the sound discretion of the trial court. *Transamerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex. 1991). The only restrictions placed upon this discretion are that the sanctions must be

"just" and consistent with constitutional due process. *Id.* The supreme court in *Transamerican* set out a two prong test to determine whether a sanction is "just." "First, a direct relationship must exist between the offensive conduct and the sanction imposed." *Id.* This means that the sanction must remedy the innocent party and punish the actual offender, i.e., either the party or its counsel. *Id.* "Second, just sanctions must not be excessive." *Id.* In other words, the punishment must fit the crime. Trial courts must consider lesser sanctions before deciding on the death penalty. *Id.* Furthermore, ultimate sanctions violate due process absent a party's flagrant bad faith or counsel's callous disregard for the discovery process. *Id.* at 918. If a trial court stays within these boundaries when imposing sanctions, its discretion is abused only if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). Thus, we will review the trial court's actions in points one through three under the abuse of discretion standard using the requirements set out in *Transamerican.*

■ Appellant asserts in its first point of error that the trial court gave neither it nor Mr. Beller the opportunity to comply with the order to produce the documents before imposing sanctions. Appellant complains that Mr. Beller still had seventeen (17) days left to comply with the October 5th order to produce by November 5th when the court amended that order to require production by October 23rd. Appellant overlooks the fact that it had fourteen (14) days prior to the amending of the October 5th order to comply with it. Furthermore, by the November 30th hearing on sanctions, appellant *still* had not complied with *either* order. The trial court did not abuse its discretion in holding that appellant's noncompliance with the two court orders by November 30th was sufficient to impose sanctions. Appellant's first point of error is overruled.

■ In its second point of error, appellant argues that striking its pleadings is not an appropriate remedy since the discovery dispute did not relate to the actions of appellant or its officers, directors, or managing agents, or persons designated under the Rules to testify on its behalf. Instead, the trial court ordered Mr. Beller, a nonparty, to produce the documents. Appellant relies on *Pope v. Davidson,* 849 S.W.2d 916 (Tex.App.—Houston [14th Dist.] 1993, no writ) for the proposition that Rule 215 sanctions do not apply to nonparties, but instead only apply to "the disobedient party" or "the attorney advising him." *Id.* at 920; TEX.R.CIV.P. 215(2)(b). This court in *Pope* held that the appropriate sanction for a nonparty's noncompliance with discovery is placing the nonparty in contempt of court. *Pope,* 849 S.W.2d at 920. We agree with that holding.

■ However, appellant overlooks the fact that *it is* the disobedient party in this case and thus, Rule 215 sanctions do apply. Under *Transamerican,* "the sanction should be visited upon the offender." *Transamerican Natural Gas Corp.,* 811 S.W.2d at 917. Appellant is deemed the disobedient party or the "offender" because it is responsible for the discovery abuse. *See Tate v. Commodore County Mutual Ins.,* 767 S.W.2d 219 (Tex.App.—Dallas 1989, writ denied). In *Tate,* the court dismissed the plaintiffs' pleadings when they failed to produce their designated nonparty expert witness for deposition. *Id.* at 220. The plaintiffs' attorney had told defense counsel that they would be glad to make the witness available for deposition at a convenient time. *Id.* at 223. The court held that this statement indicated that the plaintiffs undertook the responsibility to produce the witness for deposition. *Id.* When the witness failed to show up for the deposition, the trial court struck the plaintiffs' pleadings. The court of appeals affirmed the trial court, reasoning that the plaintiffs were responsible for the discovery abuse because they had not produced the witness for deposition after undertaking that responsibility. *Id.*

In the present case, appellant was also responsible for the discovery abuse. Mr.

Beller sent responsive documents to Mr. Rayl (or Mr. Bickford) in violation of the *subpoena duces tecum* at the request of Mr. Rayl, vice president of appellant, or Mr. Bickford, appellant's attorney. Since, under those circumstances, appellant caused Mr. Beller to violate the *subpoena duces tecum* by requesting the documents, it is responsible for the noncompliance with the order and is the proper party to be sanctioned. Appellant's second point of error is overruled.

■ In its third point of error, appellant contends that the trial court erred in concluding that appellant and its counsel engaged in a pattern of discovery abuse. In its brief, appellant lists motions that were made by the parties and the results of those motions in an attempt to show that the pre-trial activity was mostly caused by appellees. The number of motions filed and who filed them does not matter to this court. What matters is that at the time of the hearing on the motion for sanctions, appellant was in noncompliance with two previous court orders. This is a pattern of discovery abuse regardless of the other motions filed by appellees. Appellant's third point of error is overruled.

■ Appellant argues in its fourth point of error that the trial court erred in not holding an evidentiary hearing on appellant's motion for new trial. Without citing authority, appellant respectfully suggests that the trial court should have held an evidentiary hearing because of the severity of the sanctions ultimately imposed. Whether to hold an evidentiary hearing on a motion for new trial is within the sound discretion of the trial court. *Parham v. Wilbon*, 746 S.W.2d 347, 351 (Tex. App.—Fort Worth 1988, no writ).

■ We have found nothing in our research that indicates an evidentiary hearing must be granted on a motion for new trial after death penalty sanctions have been imposed. On the contrary, the only time a trial court is required to hold an evidentiary hearing on a motion for new trial is when the ground for the motion involves jury miscon-

duct. *See* TEX.R.CIV.P. 327; *Parham*, 746 S.W.2d at 351. Since a trial court may, but is not required to hold an evidentiary hearing on a motion for new trial, except in jury misconduct situations, the trial court did not err in failing to hold an evidentiary hearing. *Parham*, 746 S.W.2d at 351. Appellant's fourth point of error is overruled.

■ Appellant asserts in its fifth point of error that the trial court erred in granting appellees' motion to strike in the absence of an evidentiary hearing. Due process requires that a party be given an adequate opportunity to be heard. *Allied Chemical Co. v. DeHaven*, 824 S.W.2d 257, 263 (Tex. App.—Houston [14th Dist.] 1992, no writ) (citing, *Worldwide Anesthesia Assocs., Inc. v. Bryan Anesthesia, Inc.*, 765 S.W.2d 445, 448 (Tex.App.—Houston [14th Dist.] 1988, no writ)). In *Allied Chemical Co.*, the trial court held a hearing on the motion for sanctions at the time the motion was brought to the court's attention. At the hearing, Allied was given an opportunity to argue in opposition of the sanction and explain its conduct to the trial court. *Allied Chemical Co.*, 824 S.W.2d at 263. This court held that the hearing on the motion was adequate due process. *Id.*

In the present case, the trial court held a hearing on the motion for sanctions. At the hearing, appellant presented two affidavits and read from various depositions. Appellant presented argument in opposition of the sanction and explained its position to the court. There is nothing in the record to indicate that appellant attempted to offer any evidence other than the affidavits and deposition testimony, but was precluded from doing so by the court. Presumably, if the trial court allowed presentment of affidavits and excerpts from depositions, it would have allowed other types of evidence had it been offered. Appellant has not shown otherwise, thus its fifth point of error is overruled.

■ In its sixth, seventh, and eighth points of error, appellant alleges that findings of fact numbers 20, 21, and 23–26, and

conclusions of law numbers 2–5 are in error because they are against the great weight and preponderance of the evidence. Findings of fact in the discovery context should not be treated like findings made pursuant to Rule 296 which involve nonjury trials on the merits. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex.1992) (citing *United States Fidelity & Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied)). The purposes of findings of fact to support the imposition of discovery sanctions are: 1) to aid appellate review through a guided analysis; 2) to assure judicial deliberation; and 3) to enhance the deterrent effect of the sanctions order. *Chrysler Corp.*, 841 S.W.2d at 852. These findings are not binding on the reviewing court. *Id.* Thus, we are not limited to a review of the "sufficiency of the evidence" to support the findings made. *Rossa*, 830 S.W.2d at 672; *Shook v. Gilmore & Tatge Mfg. Co.*, 851 S.W.2d 887, 893 (Tex.App.—Waco 1993, writ denied). Instead, during appellate review, we make an independent inquiry of the entire record, including the "evidence," arguments of counsel, the written discovery on file, and the circumstances surrounding the party's alleged discovery abuse to determine if the trial court abused its discretion in imposing the sanctions. *Rossa*, 830 S.W.2d at 672; *Shook*, 851 S.W.2d at 893–94.

Appellant makes its arguments in points of error six through eight under the assumption that the only evidence available for the trial court's review was the two affidavits presented by it at the hearing on the motion for sanctions. However, at a hearing on a motion for sanctions, the trial court can consider the arguments of counsel and all orders and documents before it. *See Worldwide Anesthesia*, 765 S.W.2d at 448. Furthermore, the trial court is entitled to consider the entire history of the case when making a decision on sanctions. *Allied Chemical Co.*, 824 S.W.2d at 263. During their arguments to the court, both parties summarized depositions and explained their positions.

After a review of the entire record, we find that there is ample evidence to support the trial court's findings and conclusions. The trial court granted two motions to compel production of documents and imposed monetary sanctions before striking appellant's pleadings. Furthermore, the trial court warned appellant that its pleadings could be struck if the orders were not complied with. Appellant demonstrated flagrant bad faith by producing Mr. Beller's affidavit at the motion for sanctions in which he gave a poor attempt to reconcile his previous testimony with appellant's contentions. Appellant employed further bad faith by insisting that the less than two inch stack of documents complied with the orders when prior testimony proved that it did not. Appellant also showed a callous disregard for the discovery process by failing to comply with two court orders. Because the trial court's findings and conclusions support its decision to strike appellant's pleadings, appellant's sixth, seventh, and eighth points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.