**In re CHRISTUS HEALTH and Christus Health Gulf Coast d/b/a Christus St. Catherine Hospital, Relators.**

**No. 01–08–00194–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 2008.

Charles D. Brown, Krystal P. Scott, Robert J. Swift, Traci Carr Dvorak, Fulbright & Jaworski L.L.P, Houston, TX, for Relators.

Carl D. Shaw, John M. O'Quinn, The O'Quinn Law Firm, Charles W. Lyman, Lyman, Twining, Weinberg & Ferrell, P.C., William C. Book, Tekell, Book, Matthews & Limmer, L.L.P., Houston, TX, for Real Party Interest.

Panel consists of Justices TAFT, KEYES, and ALCALA.

### OPINION

TIM TAFT, Justice.

On March 19, 2008, relators, Christus Health and Christus Health Gulf Coast d/b/a Christus St. Catherine Hospital, filed an emergency motion for temporary relief and a petition for writ of mandamus complaining of the trial court's [1] March 13, 2008 "Order on Plaintiffs' Motion for Dis-

---

1. The Honorable Elizabeth Ray, judge of the 165th District Court of Harris County, Texas. The underlying lawsuit is *Linda Carswell, In-* *dividually and as Representative of the Estate of Jerry L. Carswell, deceased, Robert J. Carswell, and Jordon D. Carswell v. Christus*

covery Sanctions." On March 20, 2008, this Court granted relators' motion for temporary relief, staying all proceedings in the underlying cause, including the March 13, 2008 Order on Plaintiff's Motion for Discovery Sanctions. The real-parties-in-interest subsequently filed a response, to which relators later replied.

*Health and Christus Health and Christus Heath Gulf Coast d/b/a Christus St. Catherine Hospital and Christus St. Joseph Hospital, et al.*, trial court cause number 2005–36179.

**2.** In their petition for writ of mandamus before this Court, relators have not contended that they have no adequate remedy by appeal as to the monetary sanctions. The portion of relators' petition that is dedicated to arguing that relators have no adequate remedy by appeal (entitled, "Christus Has No Adequate Remedy at Law") specifically addresses the lack of an adequate remedy by appeal for the four non-monetary sanctions imposed, but any reference to the monetary sanctions is conspicuously absent. Similarly, in the portion of relators' petition entitled, "WHY MANDAMUS RELIEF SHOULD BE GRANTED," relators' arguments specifying why immediate relief is necessary reference only the imposition of the four non-monetary sanctions. The only mention of the monetary sanctions in this section is the following sentence:

> Adding insult to injury, the trial court also imposed an extraordinary and completely arbitrary fine of $250,000 (payable directly to Plaintiffs in ten days) that it did not even attempt to tie to any fees or expenses that Plaintiffs claims [*sic*] to have incurred due to Christus' alleged misconduct.

This statement does not raise a complaint that relators lacked an adequate remedy by appeal as to the monetary sanctions. The petition before us contains no assertions, arguments, or authorities pertaining to a claim of no adequate remedy by appeal as to the monetary sanctions. The only assertions, arguments, and authorities advanced by relators regarding the monetary sanctions pertain to their contention that the trial court abused its discretion. Relators do not contend that the court's imposition of monetary sanctions is a "significant rulin[g] in [an] exceptional cas[e]" for which mandamus review would be "essential to preserve important substantive

After reviewing the mandamus petition, we conclude that relators have not demonstrated both a clear abuse of discretion by the trial court and the lack of an adequate remedy by appeal.[2] *See In re Union Carbide Corp.*, 273 S.W.3d 152, 156 (Tex.2008) (per curiam) ("For mandamus to issue, a relator must show that it has no adequate and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, [or] spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004). Relators likewise do not contend that the benefits to mandamus review outweigh the detriments. *See id.* Relators also do not assert that the imposition of the monetary sanctions would totally or significantly preclude their further access to the court, nor have they complained that the requirement of pre-judgment payment makes a remedy on appeal inadequate. *See Braden v. Downey*, 811 S.W.2d 922, 928–29 (Tex.1991) (holding that ordinary appeal is adequate remedy for imposition of monetary sanctions unless litigant contends that imposed sanctions preclude litigant's access to court; noting that uncertainty of recovering money on appeal did not render ordinary appeal inadequate remedy; opining that if all monetary sanctions imposed for discovery abuse were reviewable by mandamus, "it would soon cease to be an extraordinary writ"; and declining to review propriety of sanctions by mandamus); *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 734, 736 (Tex.App.-Dallas 1993, orig. proceeding) (holding that when party subject to monetary sanctions does not contend that imposition of monetary sanctions would preclude party's access to court, adequate remedy by normal appeal exists); *Prime Gr., Inc. v. O'Neill*, 848 S.W.2d 376, 379 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding) (holding that court of appeals was without power to issue writ of mandamus when relator did not contend that pre-judgment payment of monetary sanction would prevent relator from continuing litigation).

remedy by appeal."); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (holding that, in order to be entitled to relief by writ of mandamus, relator "must meet two requirements[:][o]ne is to show that the trial court clearly abused its discretion .... [t]he other ... is to show that it has no adequate remedy by appeal"). Accordingly, we deny the petition for writ of mandamus.

The Court further orders that its March 20, 2008 order temporarily staying all proceedings in the underlying cause, including the trial court's Order on Plaintiff's Motion for Discovery Sanctions, be **vacated.**

Justice ALCALA, dissenting.

## DISSENTING OPINION

ELSA ALCALA, Justice.

I respectfully dissent. I would grant in part the petition for writ of mandamus. I would vacate the part of trial court's order that requires Christus Health and Christus Health Gulf Coast d/b/a Christus St. Catherine Hospital (Christus) to pay $250,000 in monetary sanctions to the plaintiffs in 10 days. I would sustain the challenge by Christus that asserts that the trial court "imposed an extraordinary and completely arbitrary fine of $250,000 (payable directly to Plaintiffs in ten days) that it did not even attempt to tie to any fees or expenses that Plaintiffs claim to have incurred due to Christus' alleged misconduct."

There is no adequate remedy at law for the extraordinarily high amount that must be paid within 10 days. "In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review." *In re BP Prods. of N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex.2008). An appellate remedy may not be adequate when it would *require significantly greater*

expense than obtaining a writ. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex.2004) (granting mandamus review when trial court's order would have wasted public and judicial resources, lacked legal authority, and would have negatively impacted the legal system). In this case, appeal is inadequate to compensate Christus for $250,000 paid in advance of trial directly to the plaintiffs. Christus would have significantly greater expense in its attempts to recover the $250,000 from the plaintiffs after reversal on appeal and may never be able to recover it. Christus is therefore without adequate remedy on appeal. *See id.* at 136.

The trial court's sanctions were to punish discovery violations of concealing evidence and not timely producing requested discovery. The discovery sanction is controlled by Texas Rule of Civil Procedure 215.2. *See* TEX.R. CIV. P. 215.2. Rule 215.2 allows a trial court to disallow any further discovery; charge certain expenses, costs, or attorney's fees of one party against the offending party; order certain facts to be established as true; limit a party's ability to defend against or bring certain claims; strike pleadings or parts of pleadings; or find a party in contempt of court. *Id.* A sanction under rule 215.2 must relate directly to the abuse found and "be no more severe than necessary to satisfy its legitimate purpose." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). The imposition of sanctions is measured by two standards. *Id.* First, a direct relationship must exist between the offensive conduct and the sanction imposed. *Id.* This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. *Id.* The sanctions the trial court imposes must relate directly to the abuse found. *Id.* Second, just sanc-

tions must not be excessive. *Id.* The punishment should fit the crime. *Id.* A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. *Id.* It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance. *Id.*

The trial court's findings of fact to support its discovery sanctions are not treated like findings that involve non-jury trials on the merits. *Clark v. Bres,* 217 S.W.3d 501, 513 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (citing *Jefa Co. v. Mustang Tractor & Equip. Co.,* 868 S.W.2d 905, 910 (Tex.App.-Houston [14th Dist.] 1994, writ denied)). The findings of fact are not binding on the reviewing court. *Id.* During appellate review, we make an independent review of the entire record, including the circumstances surrounding the alleged discovery abuse, to determine if the trial court abused its discretion in imposing the sanctions. *Id.*

The court's finding that its prior sanctions have been unsuccessful in securing Christus's compliance with discovery is not supported by the record. Although the court previously hinted at the prospect of sanctions for Christus's conduct, it did not impose any prior sanctions against it. The trial court previously ruled that it would allow the plaintiffs to present evidence of concealment, destruction and/or adulteration of evidence at trial. The trial court's previous order said that if, *at trial,* the plaintiffs met their burden of proof to show that Christus concealed, destroyed, and/or adulterated evidence, the trial court would, *after trial,* conduct an evidentiary hearing to determine the appropriate amount of attorney's fees as a sanction for

the offending conduct. Christus could not have violated this order because the trial had not yet occurred. The court's other orders required the production of the items but did not impose sanctions. No lesser sanctions had been imposed by the trial court prior to the imposition of the sanctions that are the subject of this petition.

Assuming the trial court is correct that the handling of the blood and heart make them scientifically unavailable as evidence, the trial court sanctions that conduct by (1) striking all defense pleadings indicating Jerry Carswell's death is cardiac-related, (2) prohibiting Christus from disputing the conclusions in the autopsy report and death certificate, and (3) ordering that a spoliation instruction will be in the charge to be submitted at trial. Further assuming that the trial court is correct that Christus violated the trial court's order by conducting an ex parte inspection of the heart, the court strikes all witnesses whose testimony stems from the ex parte inspection of the heart.[1] In addition to these four sanctions, the court imposes the monetary sanction.

I conclude the trial court has abused its discretion by ordering the $250,000 sanction payable before trial to plaintiffs because the sanction does not bear any relationship to the conduct. "The trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Dynamic Health, Inc.,* 32 S.W.3d 876, 880 (Tex.App.-Texarkana 2000, no pet. h.) (citing *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992)). The conduct by Christus would support a monetary sanction, as long as that sanction bore

---

1. I do not address the merits of the trial court's evidentiary rulings or the ruling ordering the charge to include a spoliation instruc- tion because there is an adequate remedy by appeal to challenge those rulings.

some relationship to the conduct. *See Spohn Hosp. v. Mayer,* 104 S.W.3d 878, 882 (Tex.2003) (citing *TransAmerican,* 811 S.W.2d at 917).

The trial court explains the sanction it imposes by stating that plaintiffs "have expended significant time and monetary resources developing their theory of the case" without the heart and blood evidence and that Christus's conduct has resulted in "a waste of the Court's time and resources." The only reference in the record to the monetary amount awarded is the plaintiffs' attorney's statement that he "detrimentally relied in developing [the] case to the tune of probably $250,000 just in caps—forget the lawyer time." We should not uphold an award for sanctions based on the mere claim that the misconduct has resulted in the loss of one quarter million dollars. No evidence shows that the plaintiffs' theory has been detrimentally affected by the discovery of the blood and heart evidence because the plaintiffs have opted not to examine the evidence. Nothing in the record shows that the discovery of the blood and heart affects the plaintiffs' theory of the case, nor could this be shown since the trial court struck all defense pleadings that indicate the death is heart related and will instruct the jury that Christus spoliated the blood and heart evidence. Moreover, the trial court's stated reason that "significant time and monetary resources have been expended" could be used as the purported justification for a sanction anywhere from $2500 to $250,000, which is 100 times that amount. That reason alone, therefore, cannot be used as the basis to uphold a sanction of one quarter of a million dollars.

Aside from the sanction for the discovery violations, the trial court's sanctions were also to punish Christus for causing "waste of the Court's time and resources." A trial court possesses the inherent power to discipline an attorney's behavior through the imposition of sanctions in appropriate cases. *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997). Even in the absence of an applicable rule or statute, a court has the authority to sanction parties for bad-faith abuses if it finds that to do so will aid in the exercise of its jurisdiction, in the administration of justice, and the preservation of its independence and integrity. *Roberts v. Rose,* 37 S.W.3d 31, 33 (Tex. App.-San Antonio 2000, no pet.) (citing *Bennett,* 960 S.W.2d at 40). The trial court is not limited to considering only the specific violation for which sanctions are finally imposed, but it may consider everything that has occurred during the history of the litigation. *Clark,* 217 S.W.3d at 512 (citing *White v. Bath,* 825 S.W.2d 227, 230 (Tex. App.-Houston [14th Dist.] 1992, writ denied)). Although Christus's conduct undoubtedly wasted some of the court's time, nothing in this record supports a sanction as high as $250,000.

### Conclusion

I would grant in part the petition for mandamus.