In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00194-CV






IN RE CHRISTUS HEALTH AND CHRISTUS HEALTH GULF COAST
D/B/A CHRISTUS ST. CATHERINE HOSPITAL, Relators






Original Proceeding on Petition for Writ of Mandamus






DISSENTING OPINION


 I respectfully dissent. I would grant in part the petition for writ of mandamus. 
I would vacate the part of trial court's order that requires Christus Health and
Christus Health Gulf Coast d/b/a Christus St. Catherine Hospital (Christus) to pay
$250,000 in monetary sanctions to the plaintiffs in 10 days. I would sustain the
challenge by Christus that asserts that the trial court "imposed an extraordinary and
completely arbitrary fine of $250,000 (payable directly to Plaintiffs in ten days) that
it did not even attempt to tie to any fees or expenses that Plaintiffs claim to have
incurred due to Christus' alleged misconduct."

 There is no adequate remedy at law for the extraordinarily high amount that
must be paid within 10 days. "In determining whether appeal is an adequate remedy,
appellate courts consider whether the benefits outweigh the detriments of mandamus
review." In re BP Prods. of N. Am., Inc., 244 S.W.3d 840, 845 (Tex. 2008). An
appellate remedy may not be adequate when it would require significantly greater
expense than obtaining a writ. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136-37 (Tex. 2004) (granting mandamus review when trial court's order would have
wasted public and judicial resources, lacked legal authority, and would have
negatively impacted the legal system). In this case, appeal is inadequate to
compensate Christus for $250,000 paid in advance of trial directly to the plaintiffs. 
Christus would have significantly greater expense in its attempts to recover the
$250,000 from the plaintiffs after reversal on appeal and may never be able to recover
it. Christus is therefore without adequate remedy on appeal. See id. at 136.

 The trial court's sanctions were to punish discovery violations of concealing
evidence and not timely producing requested discovery. The discovery sanction is
controlled by Texas Rule of Civil Procedure 215.2. See Tex. R. Civ. P. 215.2. Rule
215.2 allows a trial court to disallow any further discovery; charge certain expenses,
costs, or attorney's fees of one party against the offending party; order certain facts
to be established as true; limit a party's ability to defend against or bring certain
claims; strike pleadings or parts of pleadings; or find a party in contempt of court. 
Id. A sanction under rule 215.2 must relate directly to the abuse found and "be no
more severe than necessary to satisfy its legitimate purpose." TransAmerican Natural
Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). The imposition of sanctions
is measured by two standards. Id. First, a direct relationship must exist between the
offensive conduct and the sanction imposed. Id. This means that a just sanction must
be directed against the abuse and toward remedying the prejudice caused the innocent
party. Id. The sanctions the trial court imposes must relate directly to the abuse
found. Id. Second, just sanctions must not be excessive. Id. The punishment should
fit the crime. Id. A sanction imposed for discovery abuse should be no more severe
than necessary to satisfy its legitimate purposes. Id. It follows that courts must
consider the availability of less stringent sanctions and whether such lesser sanctions
would fully promote compliance. Id. 

 The trial court's findings of fact to support its discovery sanctions are not
treated like findings that involve non-jury trials on the merits. Clark v. Bres, 217
S.W.3d 501, 513 (Tex. App.--Houston [14th Dist.] 2006, pet. denied) (citing Jefa Co.
v. Mustang Tractor & Equip. Co., 868 S.W.2d 905, 910 (Tex. App.--Houston [14th
Dist.] 1994, writ denied)). The findings of fact are not binding on the reviewing
court. Id. During appellate review, we make an independent review of the entire
record, including the circumstances surrounding the alleged discovery abuse, to
determine if the trial court abused its discretion in imposing the sanctions. Id. The court's finding that its prior sanctions have been unsuccessful in securing
Christus's compliance with discovery is not supported by the record. Although the
court previously hinted at the prospect of sanctions for Christus's conduct, it did not 
impose any prior sanctions against it. The trial court previously ruled that it would
allow the plaintiffs to present evidence of concealment, destruction and/or
adulteration of evidence at trial. The trial court's previous order said that if, at trial,
the plaintiffs met their burden of proof to show that Christus concealed, destroyed,
and/or adulterated evidence, the trial court would, after trial, conduct an evidentiary
hearing to determine the appropriate amount of attorney's fees as a sanction for the
offending conduct. Christus could not have violated this order because the trial had
not yet occurred. The court's other orders required the production of the items but
did not impose sanctions. No lesser sanctions had been imposed by the trial court
prior to the imposition of the sanctions that are the subject of this petition.

 Assuming the trial court is correct that the handling of the blood and heart
make them scientifically unavailable as evidence, the trial court sanctions that
conduct by (1) striking all defense pleadings indicating Jerry Carswell's death is
cardiac-related, (2) prohibiting Christus from disputing the conclusions in the autopsy
report and death certificate, and (3) ordering that a spoliation instruction will be in
the charge to be submitted at trial. Further assuming that the trial court is correct that
Christus violated the trial court's order by conducting an ex parte inspection of the
heart, the court strikes all witnesses whose testimony stems from the ex parte
inspection of the heart. (1)
 In addition to these four sanctions, the court imposes the
monetary sanction. 

 I conclude the trial court has abused its discretion by ordering the $250,000
sanction payable before trial to plaintiffs because the sanction does not bear any
relationship to the conduct. "The trial court clearly abuses its discretion if it reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law." In re Dynamic Health, Inc., 32 S.W.3d 876, 880 (Tex. App.--Texarkana
2000, no pet. h.) (citing Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)). The
conduct by Christus would support a monetary sanction, as long as that sanction bore
some relationship to the conduct. See Spohn Hosp. v. Mayer, 104 S.W.3d 878, 882
(Tex. 2003) (citing TransAmerican, 811 S.W.2d at 917). 

 The trial court explains the sanction it imposes by stating that plaintiffs "have
expended significant time and monetary resources developing their theory of the
case" without the heart and blood evidence and that Christus's conduct has resulted
in "a waste of the Court's time and resources." The only reference in the record to
the monetary amount awarded is the plaintiffs' attorney's statement that he
"detrimentally relied in developing [the] case to the tune of probably $250,000 just
in caps - - forget the lawyer time." We should not uphold an award for sanctions
based on the mere claim that the misconduct has resulted in the loss of one quarter
million dollars. No evidence shows that the plaintiffs' theory has been detrimentally
affected by the discovery of the blood and heart evidence because the plaintiffs have
opted not to examine the evidence. Nothing in the record shows that the discovery
of the blood and heart affects the plaintiffs' theory of the case, nor could this be
shown since the trial court struck all defense pleadings that indicate the death is heart
related and will instruct the jury that Christus spoliated the blood and heart evidence. 
Moreover, the trial court's stated reason that "significant time and monetary resources
have been expended" could be used as the purported justification for a sanction
anywhere from $2500 to $250,000, which is 100 times that amount. That reason
alone, therefore, cannot be used as the basis to uphold a sanction of one quarter of a
million dollars. 

 Aside from the sanction for the discovery violations, the trial court's sanctions
were also to punish Christus for causing "waste of the Court's time and resources." 
A trial court possesses the inherent power to discipline an attorney's behavior through
the imposition of sanctions in appropriate cases. In re Bennett, 960 S.W.2d 35, 40
(Tex. 1997). Even in the absence of an applicable rule or statute, a court has the
authority to sanction parties for bad-faith abuses if it finds that to do so will aid in the
exercise of its jurisdiction, in the administration of justice, and the preservation of its
independence and integrity. Roberts v. Rose, 37 S.W.3d 31, 33 (Tex. App.--San
Antonio 2000, no pet.) (citing Bennett, 960 S.W.2d at 40). The trial court is not
limited to considering only the specific violation for which sanctions are finally
imposed, but it may consider everything that has occurred during the history of the
litigation. Clark, 217 S.W.3d at 512 (citing White v. Bath, 825 S.W.2d 227, 230 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). Although Christus's conduct
undoubtedly wasted some of the court's time, nothing in this record supports a
sanction as high as $250,000. 



Conclusion 

 I would grant in part the petition for mandamus.


 Elsa Alcala

 Justice


Panel consists of Justices Taft, Keyes, and Alcala. 
1. I do not address the merits of the trial court's evidentiary rulings or the ruling ordering
the charge to include a spoliation instruction because there is an adequate remedy by
appeal to challenge those rulings.