NUMBER 13-10-00295-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE BEN HAROLD MOORE, JR., M.D.






On Petition for Writ of Mandamus


and Motion for Emergency Stay.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion Per Curiam (1)



 Relator, Ben Harold Moore, Jr., M.D., filed a petition for writ of mandamus and a
motion for emergency stay in the above cause on May 20, 2010. The petition for writ of
mandamus seeks to set aside the ruling entered on May 4, 2010, by the Honorable Romeo
Flores, assigned judge to the 105th District Court of Kleberg County, that "all prior lawsuits
filed against [relator] are admissible as evidence in the trial of this matter." The underlying
proceeding is a medical malpractice case filed against relator by Leticia Suarez, San
Juanita Suarez, Jesus S. Suarez, Jr., and Francisca Suarez, individually and as
representatives of the estate of Jesus Santos Suarez, Sr., deceased. According to the
motion for emergency stay, trial in this matter is ongoing and will reconvene on Monday,
May 24, 2010.

 Mandamus is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235 S.W.3d
619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257,
259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must
show both that the trial court clearly abused its discretion and that the relator has no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36
(Tex. 2004) (orig. proceeding); see In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462
(Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision
so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law. In re Cerberus Capital Mgmt., L.P., 164
S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 

 Historically, mandamus was treated as an extraordinary writ that would issue "only
in situations involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies." Walker, 827 S.W.2d at 840. Now, in some extraordinary
cases, whether a clear abuse of discretion can be adequately remedied by appeal depends
on a careful analysis of the costs and benefits of interlocutory review. In re McAllen Med.
Ctr., Inc., 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to
mandamus review are outweighed by the detriments." In re Prudential Ins. Co. of Am., 148
S.W.3d at 136. According to the Texas Supreme Court: 

 Mandamus review of significant rulings in exceptional cases may be
essential to preserve important substantive and procedural rights from
impairment or loss, allow the appellate courts to give needed and helpful
direction to the law that would otherwise prove elusive in appeals from final
judgments, and spare private parties and the public the time and money
utterly wasted enduring eventual reversal of improperly conducted
proceedings. 


Id. at 136. Determining whether an appellate remedy is adequate, thus precluding
mandamus relief, depends "heavily on the circumstances presented and is better guided
by general principles than by simple rules." Id. at 137.

 The Court, applying the foregoing principles to the case at hand, and having
examined and fully considered the petition for writ of mandamus and the motion for
emergency relief, is of the opinion that relator has not shown himself entitled to the relief
sought. Id.; cf. Joachim v. Chambers, 815 S.W.2d 234, 244 (Tex. 1991) (orig. proceeding)
(Gonzalez, J., dissenting) (objecting to the majority's granting of mandamus relief and
stating that: "Surely, tomorrow we will be asked to issue mandamus regarding . . . the
admission or exclusion of evidence at trial. Is there no end?"). In this regard, we note that 
the petition for writ of mandamus does not address the adequacy of relator's remedy by
appeal and contains no assertions, arguments, or authorities concerning the adequacy of
appeal under the circumstances herein. See In re Christus Health, 276 S.W.3d 708, 710
(Tex. App.-Houston [1st Dist.] 2008, orig. proceeding). Accordingly, the petition for writ
of mandamus and motion for emergency stay are DENIED. See Tex. R. App. P. 52.8(a). 



 PER CURIAM



Delivered and filed the

20th day of May, 2010.

 

 

 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).