

# NUMBER 13-10-00295-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE BEN HAROLD MOORE, JR., M.D.

## On Petition for Writ of Mandamus and Motion for Emergency Stay.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Ben Harold Moore, Jr., M.D., filed a petition for writ of mandamus and a motion for emergency stay in the above cause on May 20, 2010. The petition for writ of mandamus seeks to set aside the ruling entered on May 4, 2010, by the Honorable Romeo Flores, assigned judge to the 105th District Court of Kleberg County, that "all prior lawsuits filed against [relator] are admissible as evidence in the trial of this matter." The underlying proceeding is a medical malpractice case filed against relator by Leticia Suarez, San Juanita Suarez, Jesus S. Suarez, Jr., and Francisca Suarez, individually and as

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

representatives of the estate of Jesus Santos Suarez, Sr., deceased. According to the motion for emergency stay, trial in this matter is ongoing and will reconvene on Monday, May 24, 2010.

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Historically, mandamus was treated as an extraordinary writ that would issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker*, 827 S.W.2d at 840. Now, in some extraordinary cases, whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final

2

judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136. Determining whether an appellate remedy is adequate, thus precluding mandamus relief, depends "heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137.

The Court, applying the foregoing principles to the case at hand, and having examined and fully considered the petition for writ of mandamus and the motion for emergency relief, is of the opinion that relator has not shown himself entitled to the relief sought. *Id.; cf. Joachim v. Chambers*, 815 S.W.2d 234, 244 (Tex. 1991) (orig. proceeding) (Gonzalez, J., dissenting) (objecting to the majority's granting of mandamus relief and stating that: "Surely, tomorrow we will be asked to issue mandamus regarding . . . the admission or exclusion of evidence at trial. Is there no end?"). In this regard, we note that the petition for writ of mandamus does not address the adequacy of relator's remedy by appeal and contains no assertions, arguments, or authorities concerning the adequacy of appeal under the circumstances herein. See *In re Christus Health*, 276 S.W.3d 708, 710 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding). Accordingly, the petition for writ of mandamus and motion for emergency stay are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
20th day of May, 2010.

3