NUMBER 13-10-00195-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE INTERNATIONAL MARINE, LLC






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela (1)



 Relator, International Marine, LLC, filed a petition for writ of mandamus in the above
cause on April 7, 2010, alleging that the respondent, the Honorable Janet Leal, Presiding
Judge of the 103rd District Court of Cameron County, Texas, abused her discretion by
denying relator's motions to strike the pleas in intervention of the real parties in interest. (2) 
The Court requested and received a response to the petition for writ of mandamus from
the real parties in interest, and has further received a reply to the response from
International Marine. For the reasons stated herein, we deny the petition for writ of
mandamus.

I. Background


 The underlying lawsuit is a personal injury suit brought against relator by its
employees pursuant to 46 U.S.C. § 688, (3) which is commonly known as the "Jones Act,"
general maritime law, and the common law. One of relator's employees, Jose Loya,
initially filed suit against relator in trial court cause number 2008-11-6210-D in the 103rd
District Court of Cameron County, Texas on November 18, 2008. On or about January 28,
2009, sixteen other employees filed a petition for intervention in this pending cause, and
subsequently, by four other petitions in intervention, seven other employees joined suit. 
The petitions in intervention provide, inter alia:

 Mr. Jose Loya has previously filed a lawsuit against International
Marine pursuant to 46 U.S.C. § 688, which is commonly known as the "Jones
Act," as well as pursuant to general maritime law and the common law. Mr.
Loya alleges that he suffered serious and permanent injuries while in the
course and scope of his employment with Defendant. Following his injury,
International Marine coerced him into signing a document purporting to be
a "release" of his claims. However, International Marine's conduct in
procuring the alleged "release" violated the well-established standards that
apply to seaman releases under the Jones Act, general maritime law, and
common decency.


 Based on information and belief, International Marine had a
conscious, intentional process in place, at the very highest levels of the
company, whereby injured workers (and their co-workers) were told that their
salary and/or bonuses would be negatively affected if they were injured on
the job or reported being injured on the job. International Marine also
consciously and intentionally failed to provide its workers with appropriate
medical or legal advice and counsel after suffering injury (contrary to the
requirements of the Jones Act and general maritime law), in fact giving its
workers advice contrary to the applicable law, and misled and coerced its
injured workers into signing purported releases while the injured workers
were in an extremely vulnerable state.


 . . . .


 All of the intervenors have a justiciable interest in the lawsuit because,
like Mr. Loya and other injured workers, International Marine attempted to
discourage these Intervenors from filing a lawsuit or otherwise exercising
their legal rights, failed to provide them with appropriate and independent
legal and medical advice, gave them advice contrary to the applicable law,
and misled and coerced them into signing purported releases while they
were in a vulnerable state. None of the purported releases comply with the
applicable law, and International Marine's corporate policy and conduct in
this regard will be an issue as to Plaintiff Loya and all other Interveners in
this case.


 . . . . 


 Like Loya, Intervenors bring their cases under the Jones Act, maritime
law, and the common law both for the injuries they sustained and as a result
of International Marine's conduct in obtaining the purported releases. . . . (4)


 International Marine filed motions to strike the interventions, arguing, in part, that the
intervenors' claims arose from separate transactions and occurrences because their
physical injuries all occurred on different dates and were incurred in different ways. The
trial court heard arguments on the motions to strike on October 29, 2009. The trial court
denied the motions to strike and, according to the petition for writ of mandamus, stayed all
proceedings pertaining to the intervenors pending a ruling from this Court on whether
intervention is proper. 

 This original proceeding ensued. Relator contends that the trial court abused its
discretion in denying the motions to strike because the intervenors failed to individually
establish: (1) a justiciable interest in Loya's claim; (2) that the claims arise from the same
transaction or occurrence and have a common question of law or fact with the original
claim brought by Loya; and (3) that venue is proper in Cameron County, Texas.

II. Standard of Review


 Mandamus is an "extraordinary" remedy. In re Sw. Bell Tel. Co., L.P., 235 S.W.3d
619, 623 (Tex. 2007) (orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257,
259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator has no adequate
remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) 
(orig. proceeding); see In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008)
(orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary
and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379,
382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator
must show that the trial court could "reasonably have reached only one decision." Liberty
Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996) (quoting Walker, 827 S.W.2d
at 840). 

 Historically, mandamus was treated as an extraordinary writ that would issue "only
in situations involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies." Walker, 827 S.W.2d at 840. Now, in some extraordinary
cases, whether a clear abuse of discretion can be adequately remedied by appeal depends
on a careful analysis of the costs and benefits of interlocutory review. In re McAllen Med.
Ctr., Inc., 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to
mandamus review are outweighed by the detriments." In re Prudential Ins. Co. of Am., 148
S.W.3d at 136. According to the Texas Supreme Court: 

 Mandamus review of significant rulings in exceptional cases may be
essential to preserve important substantive and procedural rights from
impairment or loss, allow the appellate courts to give needed and helpful
direction to the law that would otherwise prove elusive in appeals from final
judgments, and spare private parties and the public the time and money
utterly wasted enduring eventual reversal of improperly conducted
proceedings. 


Id. at 136.



III. Intervention


 Intervention is governed by Texas Rule of Civil Procedure 60. See Tex. R. Civ. P.
60; In re Lumbermens Mut. Cas. Co., 184 S.W.3d 718, 722 n.5 (Tex. 2006) (orig.
proceeding). This rule provides that "[a]ny party may intervene by filing a pleading, subject
to being stricken out by the court for sufficient cause on the motion of any party." See Tex.
R. Civ. P. 60. The rule authorizes a party with a justiciable interest in a pending suit to
intervene in the suit as a matter of right:

 Because intervention is allowed as a matter of right, the "justiciable interest"
requirement is of paramount importance: it defines the category of
non-parties who may, without consultation with or permission from the
original parties or the court, interject their interests into a pending suit to
which the interveners have not been invited. 


In re Union Carbide Corp., 273 S.W.3d 152, 154-55 (Tex. 2008) (orig. proceeding); Guar.
Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990). 

 If any party to the pending suit moves to strike the intervention, the intervenors have
the burden to show a justiciable interest in the pending suit. See In re Union Carbide
Corp., 273 S.W.3d at 154-55; Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex. 1982). The
interest asserted by the intervenor may be legal or equitable. Guar. Fed. Sav. Bank, 793
S.W.2d at 657; Mendez, 626 S.W.2d at 499; Gracida v. Tagle, 946 S.W.2d 504, 506 (Tex.
App.-Corpus Christi 1997, orig. proceeding); see Jabri v. Alsayyed, 145 S.W.3d 660, 672
(Tex. App.-Houston [14th Dist.] 2004, no pet.). A party has a justiciable interest in a
lawsuit, and thus a right to intervene, when its interests will be affected by the litigation. 
Pettus v. Pettus, 237 S.W.3d 405, 420 (Tex. App.-Fort Worth 2007, pet. denied); Law
Offices of Windle Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 71 (Tex. App.-Fort Worth
2003, no pet.); Intermarque Auto. Prods., Inc. v. Feldman, 21 S.W.3d 544, 549 (Tex.
App.-Texarkana 2000, no pet.). However, the interest must be more than a mere
contingent or remote interest. Pettus, 237 S.W.3d at 420; Law Offices of Windle Turley,
P.C., 109 S.W.3d at 70; Intermarque Auto. Prods., Inc., 21 S.W.3d at 549. 

 In order to constitute a justiciable interest, "the intervenor's interest must be such
that if the original action had never been commenced, and he had first brought it as the
sole plaintiff, he would have been entitled to recover in his own name to the extent at least
of a part of the relief sought" in the original suit. In re Union Carbide Corp., 273 S.W.3d
at 155 (quoting Union King v. Olds, 71 Tex. 729, 12 S.W. 65, 65 (1888)). In other words,
a party may intervene if the intervenor could have "brought the [pending] action, or any part
thereof, in his own name." Guar. Fed. Sav. Bank, 793 S.W.2d at 657.

 Courts have considerable discretion in determining whether an intervention should
be struck. In re Lumbermens Mut. Cas. Co., 184 S.W.3d at 722; Guar. Fed. Sav. Bank,
793 S.W.2d at 657. It is an abuse of discretion to strike a plea in intervention if: (1) the
intervenor could have brought the same action, or any part thereof, in its own name; (2) the
intervention will not complicate the case by an excessive multiplication of the issues; and
(3) the intervention is almost essential to effectively protect the intervenor's interest. Guar.
Fed. Sav. Bank, 793 S.W.2d at 657; Pettus, 237 S.W.3d at 420; Law Offices of Windle
Turley, P.C., 109 S.W.3d at 70; Caprock Inv. Corp. v. FDIC, 17 S.W.3d 707, 710-11 (Tex.
App.-Eastland 2000, pet. denied). 

 In the instant case, the intervenors claim to have met their burden of showing a
justiciable interest in Loya's suit based on the argument that International Marine has
established a pattern and practice, or conspiracy, of obtaining releases unfairly. Yet, they
do not assert that they could have brought any part of Loya's claim. Moreover, it is unclear
on the record before us that the intervenors' controversies will be affected or resolved by
resolution of the Loya case. See In re Union Carbide Corp., 273 S.W.3d at 155. 

IV. Adequate Remedy by Appeal


 Even if the trial court's refusal to strike the intervention constitutes an abuse of
discretion, we must still turn our attention to whether or not International Marine has an
adequate remedy by appeal. Ordinarily, an order denying a motion to strike a plea in
intervention is not a final order because the order does not dispose of either the parties or
the issues present in the lawsuit. In re Barrett, 149 S.W.3d 275, 279 (Tex. App.-Tyler
2004, orig. proceeding). Accordingly, an order denying a motion to strike is not
immediately appealable because appellate jurisdiction generally exists only in cases in
which a final judgment has been rendered. Id.; see Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 & n.12 (Tex. 2001) (stating generally that a party may appeal only from a final
judgment or an interlocutory order specifically made appealable by statute or rule); see
also Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (listing appealable
interlocutory orders).

 Under extraordinary circumstances, mandamus may be available to review the trial
court's refusal to strike an intervention. See, e.g., In Union Carbide Corp., 273 S.W.3d at
156 (granting mandamus relief where trial court refused to rule on and grant a motion to
strike an intervention where the benefits to mandamus review outweighed the detriments,
because, inter alia, the initiation of suit by intervention deprived relator of procedural rights
afforded to defendants in original actions); In re Helena Chem. Co., 286 S.W.3d 492, 496
(Tex. App.-Corpus Christi 2009, orig. proceeding) (granting mandamus relief where trial
court denied a motion to strike an intervention where the relator would suffer "extreme
prejudice" otherwise). 

 As stated previously, in order to obtain mandamus relief, relator must both show that
the trial court clearly abused its discretion and the relator lacks an adequate remedy by
appeal. In re Prudential Ins. Co. of Am., 148 S.W.2d at 135-36. This burden is a "heavy"
one. See In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). The
petition for writ of mandamus filed in this cause fails to mention, reference, or otherwise
address the adequacy of relator's remedy by appeal. As succinctly stated by one of our
sister courts of appeals in a similar situation, the "petition before us contains no assertions,
arguments, or authorities pertaining to a claim of no adequate remedy by appeal." In re
Christus Health, 276 S.W.3d 708, 710 (Tex. App.-Houston [1st Dist.] 2008, orig.
proceeding). Rather, the arguments and authority in the petition for writ of mandamus
before us all concern relator's contention that the trial court abused its discretion.

 The burden on relator includes the burden to show that other remedies, including
ordinary appeal, are inadequate. Walker, 827 S.W.3d at 840-42; In re Christus Health, 276
S.W.3d at 710; In re William Roberts, 18 S.W.3d 736, 738 (Tex. App.-San Antonio 2000,
orig. proceeding). If relator fails to meet this burden, mandamus relief is not warranted. 
See, e.g., In re Bay Area Citizens Against Lawsuit Abuse, 982 S.W.3d 371, 375 (Tex.
1998, orig. proceeding) (denying mandamus relief, in part, because relator "made no
showing" that it lacked an adequate remedy by appeal); In re Christus Health, 276 S.W.3d
at 710 (denying mandamus relief where relators did not contend that they lacked an
adequate remedy by appeal); McLain v. Gregg, 899 S.W.2d 412, 414 (Tex. App.-Amarillo
1995, orig. proceeding) (denying mandamus relief where relators failed to show that they
lacked an adequate remedy by appeal). After reviewing the mandamus petition, we
conclude that relator has not demonstrated both a clear abuse of discretion and the lack
of an adequate remedy by appeal.

V. Conclusion


 The Court, having examined and fully considered the petition for writ of mandamus
and response thereto, is of the opinion that relator has not shown itself entitled to the relief
sought. Accordingly, the petition for writ of mandamus and the motion for emergency stay,
which was previously carried with the case, are DENIED. See Tex. R. App. P. 52.8(a). 




 ROSE VELA

 Justice

 

Delivered and filed the 25th

day of May, 2010.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The intervenors in the underlying lawsuit, who are the real parties in interest herein, are: Scott
Place, Curtis Johnson, Shane Lawson, Travis McDowell, Michael Huckaba, Nicholas Verdin, Howard Leonard,
Troy Richardson, Michael McKinley, Trent Rodrigue, Ralphy Warden II, Leo Bailey, Joseph Stern, Jamie
Danos, John Clemons, William Collins, Joseph Hebert, Troy Premeaux, Heath Carmichael, Jesse Eady, Todd
Wells, Phillip Odegaard, and Eric Spot. 
3. The pleadings herein reference the Jones Act as it was formerly codified in 46 U.S.C. § 688. The
Jones Act was re-codified in 2006. See Pub. L. No. 109-304, § 6(c), 120 Stat. 1510 (2006); 46 U.S.C., 30104
(2006) (formerly codified at 46 U.S.C. app., 688). 
4. These assertions are taken from the "Fifth Amended Petition in Intervention and Request for Trial
by Jury," filed by the intervenors on or about September 8, 2009.