# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00404-CV

---

**Jerretta Pate and April Burke, Appellants**

**v.**

**Haven at Thorpe Lane, LLC, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 20-0858, THE HONORABLE MARGARET G. MIRABAL, JUDGE PRESIDING

---

## O P I N I O N

Several dozen people who signed leases to live at a student-housing apartment complex in San Marcos sued the complex's owner—appellee Haven at Thorpe Lane, LLC—and others, seeking damages and attorney's fees. The plaintiffs alleged, among other things, that Haven had misrepresented the complex's opening date, which ended up being months later than it had allegedly promised, while hiding problems like construction delays. During discovery in the suit, Haven subpoenaed the mothers of two of the plaintiffs ("the mothers"), who were not then parties to the suit, to produce documents. The mothers—appellants Jerretta Pate and April Burke—had previously criticized Haven publicly for the same actions about which the plaintiffs complained in their suit. Haven later filed a motion to compel the mothers to fully comply with the subpoenas; the motion also sought monetary sanctions in the form of attorney's fees, costs, and expenses incurred in obtaining the relief sought in the motion. The mothers moved to dismiss Haven's motion for sanctions under the Texas Citizens Participation Act (TCPA), *see* Tex. Civ.

Prac. & Rem. Code §§ 27.001–.011. The trial court denied the TCPA motion to dismiss, and the mothers perfected this interlocutory appeal. We will reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

Haven constructed a student-housing apartment complex in San Marcos near the Texas State University campus. In order to attract tenants prior to completion of construction, Haven guaranteed that the complex would be ready for occupancy in time for the beginning of the 2019–2020 school year. As the summer of 2019 progressed, some of the students who had pre-leased apartments in the complex became concerned that it would not be ready in time. Representatives of Haven allegedly assured them, however, that it would be ready. When the school year began, Haven's complex was not ready, and numerous students found themselves without a place to live.

The two mothers who are appellants in this appeal became outraged at what they perceived, rightly or wrongly, to be Haven's shoddy business practices and misleading statements. The mothers proceeded to organize other students who were in their children's situation, obtain information from and assert grievances with governmental authorities, convey information to media outlets (several of which ran news stories about this Haven complex), create a Facebook group that they used to exchange information with other group members, and post statements on their Facebook page that were highly critical of Haven. They eventually were instrumental in convincing some of the displaced students to file suit against Haven alleging fraud and deceptive trade practices.

The procedural history leading up to this appeal is unusual, to say the least. The mothers were nonparties when Haven served on them subpoenas duces tecum to produce documents in the underlying lawsuit in which their children were plaintiffs. *See* Tex. R. Civ.

2

P. 205.3(a) ("A party may compel production of documents and tangible things from a nonparty by serving . . . the notice required in Rule 205.2 and a subpoena compelling production or inspection of documents or tangible things."); *id.* R. 205.3(d) ("The nonparty must respond to the notice and subpoena in accordance with Rule 176.6."). The mothers filed objections to the subpoenas while also producing some documents. *See id.* R. 176.6(d) ("A person commanded to produce and permit inspection or copying of designated documents and things may serve on the party requesting issuance of the subpoena—before the time specified for compliance—written objections to producing any or all of the designated materials."). Haven asserted that the mothers had not fully complied with the subpoenas duces tecum.[1]

If the mothers failed to comply with proper subpoenas, the correct procedure was for Haven to obtain an order from the trial court ordering them to comply. *See id.* ("A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless ordered to do so by the court. The party requesting the subpoena may move for such an order at any time after an objection is made."). Haven did file a motion to compel the mothers to fully comply with the subpoenas but included in its motion a request for monetary sanctions, which the trial court was not authorized to grant against nonparties. *See In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, orig. proceeding) (mem. op.) (per curiam) ("[A] court's power to impose sanctions on non-parties is limited to its contempt power."). If an order to comply had been issued and the mothers still failed to comply, the correct procedure would have been for Haven to then file a motion to hold them in contempt of court. *See* Tex. R. Civ. P. 215.2(c) ("If a nonparty fails to comply with an

---

[1] The subpoenas also sought the mothers' depositions, but those were apparently postponed and have not yet been taken.

3

order under Rule[] . . . 205.3, the court which made the order may treat the failure to obey as contempt of court."); *Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 908 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("[T]he appropriate sanction for a nonparty's noncompliance with discovery is placing the nonparty in contempt of court.").

In response to Haven's motion to compel and for monetary sanctions, the mothers filed a TCPA motion to dismiss, arguing that "Haven's legal action against the Mothers . . . is based on and in response to their activity in posting and gathering consumer complaints, commentary, and reviews about Defendant[] Haven . . . ." *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a) (providing that certain legal actions are subject to TCPA's motion-to-dismiss procedures), .010(b)(2) ("[T]his chapter applies to . . . (2) a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses.").[2] By filing their TCPA motion to dismiss, the mothers subjected themselves to the jurisdiction of the court. *See Rush v. Barrios*, 56 S.W.3d 88, 105 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("[W]hen a party seeks to invoke the judgment of the court on any issue other than jurisdiction, a general appearance is made."). Moreover, we construe their TCPA motion as effectuating an intervention in the lawsuit. *See* Tex. R. Civ. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."); *State v. Roberson*, 409 S.W.2d 872, 875 (Tex. App.—Tyler 1966, no writ) ("Although his pleading was styled as a cross action, we think it amounted to a plea of intervention since he

---

[2] Because the original petition in this suit and the subject motion for sanctions were filed after September 1, 2019—the effective date of the 2019 TCPA amendments—the current version of the Act applies. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687.

was not a party to the original suit at that time."). The mothers' intervention made them parties to the suit for all purposes. *See* Tex. R. Civ. P. 61 ("These rules of pleading shall apply equally, so far as it may be practicable to intervenors and to parties . . . ."); *Pettigrew v. Cedar Springs Alexandre's Bar, L.P.*, No. 05-16-00269-CV, 2018 WL 1580776, at *3 (Tex. App.—Dallas Apr. 2, 2018, no pet.) (mem. op.) ("The record contains no motions of opposition to Pettigrew's intervention. Therefore, Pettigrew was a party in the suit for all purposes.").

The trial court denied the mothers' TCPA motion to dismiss, from which an interlocutory appeal is permitted. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) ("A person may appeal from an interlocutory order of a district court [that] denies a motion to dismiss filed under Section 27.003 . . . ."). Being now parties to the suit, the mothers perfected this interlocutory appeal. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from.").

## DISCUSSION

The mothers contend in their sole appellate issue that "the trial court erred when it denied [their] TCPA motion to dismiss regarding [Haven]'s action to enforce third-party subpoenas and to recover attorney's fees." The TCPA provides a three-step process for the dismissal of "legal actions" to which the Act applies. *See Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). First, the TCPA movant must show that the "legal action" is "based on or is in response to" the defendant's exercise of the right of free speech, to petition, or of association or "arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b)." Tex. Civ. Prac. & Rem. Code § 27.003(a); *see also id.* § 27.005(b); *Montelongo*, 622 S.W.3d at 296. Second, if the movant meets that burden, the party responding to the TCPA motion may avoid dismissal by establishing "by clear and specific evidence a

prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c); *see also Montelongo*, 622 S.W.3d at 296. Finally, if the responding party meets that burden, the court still must dismiss the "legal action" if the TCPA movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code § 27.005(d); *see also Montelongo*, 622 S.W.3d at 296. We review de novo whether the TCPA movant met the burden under the first step to show that the TCPA applies to the target of the TCPA motion to dismiss. *See USA Lending Group, Inc. v. Winstead PC,* 669 S.W.3d 195, 200 (Tex. 2023) ("We review de novo whether the [TCPA] applies . . . .")

Part of the mothers' burden under the first step was to show that Haven's motion to compel and for sanctions was a "legal action" to which the TCPA applies. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a); *Montelongo*, 622 S.W.3d at 296–98. The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or *any other judicial pleading or filing that requests legal, declaratory, or equitable relief*." Tex. Civ. Prac. & Rem. Code § 27.001(6) (emphasis added). But in the present case the term is subject to an exclusion added by the Legislature in 2019: "'Legal action' . . . does not include a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief."[3] *Id.* § 27.001(6)(A). Thus, as applied to the present case, for Haven's motion for sanctions to constitute a "legal action" under the TCPA, it must not only (1) constitute a judicial pleading or filing that requests legal or equitable relief (as required by the still-existing pre-2019 statutory

---

[3] For simplicity—and because it seems a better fit—we will treat Haven's motion for sanctions as a "motion made" rather than a "procedural action taken."

language), but also (2) add a claim for legal or equitable relief (as added by the 2019 amendment).**4** If Haven's motion for sanctions did not constitute a "legal action" under the TCPA definition, it was not subject to a TCPA motion to dismiss.

### *Did Haven's motion for sanctions constitute a judicial pleading or filing that requested legal or equitable relief?*

We do not see great difficulty in this portion of the inquiry. First, this Court has held that a motion such as Haven's is a "judicial pleading or filing." *See Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226 (Tex. App.—Austin 2018, no pet.).

Next, the motion plainly sought "relief." Black's Law Dictionary defines "relief" as "[t]he redress or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court." *Relief*, Black's Law Dictionary (11th ed. 2019). Haven's prayer for relief at the end of its motion stated in pertinent part:

> Defendant Haven at Thorpe Lane, LLC respectfully requests that the Court enter an Order:
>
> . . . .
>
> (2) compelling the production of unredacted, responsive materials [withheld] by Jerretta Nance Pate;
>
> (3) compelling the production of unredacted, responsive materials withheld by April Lorenz Burke;
>
> (4) compelling Jerretta Nance Pate and April Lorenz Burke to provide a basis for the redactions;
>
> (5) awarding Defendants their reasonable attorneys' fees, costs, and expenses incurred in obtaining the foregoing relief, in an amount to be determined by the Court based upon supplemental information to be provided by Defendants.

---

[4] We omit mentioning "declaratory" relief because Haven's motion did not seek that category of relief.

7

These matters, if granted by the trial court, would have been a redress or benefit for Haven, and including them in the motion's prayer for relief constituted "requesting" that relief.

We hold that Haven's motion for sanctions was a judicial pleading or filing that requested legal or equitable relief.

### *Did Haven's motion constitute a "claim" for legal or equitable relief?*

As stated above, the 2019 amendments to the TCPA created an exception to the definition of "legal action": "The term ['legal action'] does not include: (A) a procedural action taken or motion made in an action that does not amend or add a *claim* for legal, equitable, or declaratory relief . . . ." Tex. Civ. Prac. & Rem. Code § 27.001(6)(A) (emphasis added). Accordingly, we must determine whether Haven's motion constituted a "claim" for legal or equitable relief.

The TCPA does not define "claim." Therefore, "we look to its plain or common meaning." *Janvey v. GMAG, L.L.C.*, 592 S.W.3d 125, 129 (Tex. 2019); *see also Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 253 (Tex. 2023) ("Words not statutorily defined bear the common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result." (quoting *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018))).

To determine the common, ordinary meaning of undefined statutory terms, "we typically look first to their dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities." *Pharr-San Juan-Alamo Indep. Sch. Dist. v. Texas Pol. Subdivisions Prop./Cas. Joint Self Ins. Fund*, 642 S.W.3d 466, 474 (Tex. 2022) (quoting *Texas State Bd. of Examiners of Marriage & Fam. Therapists v. Texas Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017)).

The term "claim," used in Section 27.001(6) as a noun, has a consistent definition in various dictionaries:

- "a demand of a right or supposed right" or "a demand for compensation, benefits, or payment." *Claim*, Webster's Third New International Dictionary (2002);

- "a demand for something due or believed to be due." *Claim*, Merriam-Webster Dictionary, https://www.merriam-webster.com (last visited October 20, 2023);

- "A demand for something as rightful or due." *Claim*, American Heritage Dictionary of the English Language, https://www.ahdictionary.com (last visited October 20, 2023);

- "2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional. . . . 3. A demand for money, property, or a legal remedy to which one asserts a right. . . ." *Claim*, Black's Law Dictionary (11th ed. 2019) (emphasis added).[5]

In sum, the common meaning of "claim," as a noun, is a demand for or an assertion of a supposed right to something believed to be due.

The word "claim" is often used in a sense that is similar to, but different from, the term "cause of action." For example, Rule 47 of the Texas Rules of Civil Procedure states that "[a]n original pleading which sets forth a *claim* for relief . . . shall contain: (a) a short statement of the *cause of action* sufficient to give fair notice of the *claim* involved." Tex. R. Civ. P. 47(a) (emphasis added). Rule 162 states that "[a]ny dismissal [or non-suit] pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending *claim* for affirmative relief . . . ." *Id.* R. 162 (emphasis added).

---

[5] As used in Black's Law Dictionary definition No. 2, the word "contingent" means "1. Possible; uncertain; unpredictable . . . 2. Dependent on something that might or might not happen in the future; conditional." *Contingent*, Black's Law Dictionary (11th ed. 2019). The qualifying phrase "even if contingent or provisional" also appeared in the 10th edition, copyright 2014, of Black's Law Dictionary.

The Texas Supreme Court has explained the difference between the two terms. In *Montelongo*, the court recognized that although a "cause of action" is similar to a "claim" in that "they both refer to a legal right that a party asserts in the suit that constitutes the action," 622 S.W.3d at 301 (quoting *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014)), a "'cause of action' differs from a 'claim' in that it exists even before a suit is filed." *Id.* Accordingly, a "claim" does not need to have existed before the suit is filed. This is consistent with the long-standing rule that "[a] motion for sanctions is a *claim* for affirmative relief that survives nonsuit if the nonsuit would defeat the purpose of sanctions." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (emphasis added).

Based on the foregoing, we conclude that Haven's motion for sanctions constituted a "claim" for relief within the meaning of the TCPA. But that does not end our inquiry.

### Did Haven's motion <u>add</u> a claim for legal or equitable relief?

As stated above, the 2019 TCPA amendments to the definition of "legal action" stated that the term does *not* include "a motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." Tex. Civ. Prac. & Rem. Code § 27.001(6)(A). The new statutory language does not, by its own terms, exclude all motions from falling within the definition of "legal action." On the contrary, the amendment excludes only a subset of motions, i.e., those that do not "add" a claim for legal or equitable relief. Thus, to fall within the TCPA's current definition of "legal action," Haven's motion for sanctions must have *added* a claim for relief.[6]

---

[6] Since Haven had not filed an earlier motion for sanctions against the mothers, its motion obviously did not "amend" a claim for relief.

The common meaning of "add" involves the concept of producing an increase from what existed before. One dictionary definition of "add" is "to join or unite so as to bring about an increase or improvement." *Add*, Merriam-Webster Dictionary, https://www.merriam-webster.com (last visited October 20, 2023). An "increase" is brought about by augmenting what currently exists with something new or different. Applying this meaning to the TCPA's definition of "legal action," a motion must assert a claim for relief that is somehow new or different from existing claims in the suit. If it does not, it has not "added" anything and so does not fall within the statutory definition of "legal action."

By what measure or standard are we to determine whether a motion asserts— *adds*—a new or different claim for relief? We think the supreme court's recent opinion in *Montelongo* provides guidance in answering that question. *Montelongo* addressed Section 27.003(b) of the TCPA, which provides that "[a] motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(b). There, the defendants had not filed a TCPA dismissal motion in response to the plaintiffs' original petition but did file one within 60 days after the plaintiffs filed an amended petition. Although the plaintiffs' amended petition alleged new legal claims, those claims were based on the same essential facts that had been alleged in the original petition. *Montelongo*, 622 S.W.3d at 294. The issue before the court, therefore, was whether an amended petition that asserts a new claim or legal theory but does so based on the same factual allegations included in a prior petition asserts a new "legal action." In grappling with the question of when a new "legal action" is pleaded for purposes of TCPA Section 27.003(b), the court seems to have

11

laid the groundwork for determining what it takes to "add" a claim for relief—and therefore fall within the definition of "legal action"—under the 2019 exclusionary amendment.[7]

In seeking to determine what constitutes a new "legal action," the court in *Montelongo* applied long-established rules of statutory interpretation: "Instead of relying on . . . the TCPA's purpose, we look to the TCPA's language, applying its definitions and the common, ordinary meaning of undefined terms, while also considering their statutory context and avoiding rendering any provision meaningless." *Id.* at 300. As noted above, a "claim" does not need to have existed before a suit is filed, while a "cause of action" does. Both terms, however, encompass the assertion of facts that seek to establish the existence of a right or duty, an alleged violation of that right or duty, and alleged harm for which the claimant seeks redress.

The court's ultimate conclusion in *Montelongo* was that the assertion of a different claim or legal theory was, by itself, enough to make the amended pleading a new "legal action" for TCPA purposes, even if it was based on the same factual allegations. But the court went further, holding that the addition of "new essential factual allegations" or a "new party" would likewise constitute the assertion of a new "legal action." *Id.* at 293.

In summary, the supreme court in *Montelongo* held that a new legal action is filed and served when something is *added*, be it a new party, new essential factual allegations, or a new legal claim or theory. Conceptually, this is remarkably similar to the process of determining when a motion or other pleading "adds" a claim for relief so as to fall within the definition of "legal action" under the 2019 exclusionary language in Section 27.001(6)(A).

---

[7] Although the suit in *Montelongo* was filed before September 1, 2019, making it a pre-amendment case, the opinion was issued in 2021, meaning that the supreme court was well aware of the language the Legislature had chosen in amending the definition of "legal action" in 2019.

12

In the present case, Haven's motion to compel and for monetary sanctions sought relief from new parties, i.e., parties from whom Haven had not previously sought relief and, indeed, who were not then parties to the suit at all. In addition, the motion was based on an entirely new set of "essential factual allegations" from what had previously been alleged, i.e., that the mothers had failed to comply with the subpoenas duces tecum that had been served on them. It follows that Haven's motion sought relief on the basis of a new legal claim or theory—an alleged violation of discovery rules. Thus, Haven's motion for sanctions "add[ed] a claim for legal [or] equitable . . . relief." *See* Tex. Civ. Proc. & Rem. Code § 27.001(6)(A); c*f. Whataburger Restaurants LLC v. Ferchichi*, No. 04-22-00020-CV, 2022 WL 17971316, at \*3 (Tex. App.—San Antonio Dec. 28, 2022, pet. filed) (mem. op.) ("[W]e conclude the motion for sanctions [for discovery abuse] is a 'legal action' within the meaning of section 27.001(6)."). We need not address whether *every* motion for sanctions presents a new claim for relief, i.e., a TCPA "legal action." For the reasons set forth above, Haven's motion does.

There are relatively few post-amendment appellate opinions addressing the 2019 definition of "legal action." One recent case that deserves mention, however, is *Thuesen v. Scott*, 667 S.W.3d 467 (Tex. App.—Beaumont 2023, no pet.). There, the defendant responded to the plaintiff's original petition by filing a motion for sanctions pursuant to Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code Chapter 10, arguing that the plaintiff's allegations were groundless and frivolous. *Id.* at 470. The plaintiff then filed a TCPA motion to dismiss the defendant's motion for sanctions, which the trial court denied. On appeal, the Beaumont Court of Appeals affirmed, concluding that the defendant's motion for sanctions did not constitute a "legal action." *Id.* at 476. We believe the *Thuesen* court may have reached the correct result, because a Rule 13 or Chapter 10 challenge to an existing pleading as being frivolous

13

adds neither new parties nor new essential factual allegations. Thus, the idea that such a challenge, by itself, adds a new "claim" may be illusory, even if it includes a request for sanctions. But the *Thuesen* court put *all* motions for sanctions in the same bucket, holding without limitation that "a motion for sanctions does not constitute a 'legal action' for purposes of the TCPA." *Id.* at 477. In so doing, we feel the court painted with too broad a brush. A motion for sanctions that adds new parties and new essential factual allegations, as Haven's motion did here, does not fall within the 2019 statutory exclusion to "legal action."

### *Even though Haven's motion for sanctions was a "legal action," were the mothers authorized to file a motion to dismiss it?*

Another step is required. Merely because a petition or filing constitutes a "legal action" under the statutory definition does not automatically make it susceptible to a TCPA motion to dismiss. In furtherance of the TCPA's stated purpose to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law," *see* Tex. Civ. Prac. & Rem. Code § 27.002, the statute permits motions to dismiss only when the "legal action" that is the subject of the motion to dismiss interferes or threatens to interfere with certain important activities such as those mentioned above:

> If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action.

*Id.* § 27.003(a). Section 27.010(b) provides as follows in pertinent part:

> (b) Notwithstanding Subsections (a)(2), (7), and (12), this chapter applies to:

14

. . . .

(2) a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses.

*Id.* § 27.010(b)(2).

The mothers assert that Haven's motion for sanctions was based on or in response to their exercise of the right of free speech, right to petition, and right of association, as well as arising from their acts in furtherance of their communication or conduct described in Section 27.010(b). Because we believe that the mothers' communication and conduct described in Section 27.010(b) is dispositive of this issue, we will discuss only the matters relevant to that provision.

In deciding both whether the mothers are statutorily permitted to file a motion to dismiss and, if they are, whether Haven's motion for sanctions should be dismissed, we are statutorily constrained in what we may consider:

> In determining whether a legal action is subject to or should be dismissed under this chapter, the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based.

*Id.* § 27.006(a).

The pleadings in the present record reveal that the mothers reacted fiercely when their children were left without a place to live at the start of the 2019-2020 school year. Indeed, their public criticisms created considerable anger and frustration on the part of Haven representatives, as evidenced by the following quotes taken from Haven's own motion for sanctions:

- "[The mothers] publicly criticized Defendants at the Property, in local news media, and online via social media outlets; and galvanized tenants to file suit."

15

● "Ms. Pate and Ms. Burke served as key sources of information underlying many of Plaintiff's core allegations."

● "Both Ms. Pate and Ms. Burke regularly posted negative reviews and comments on various Facebook sites."

● "Ms. Pate and Ms. Burke went so far as to create a private Facebook Group titled 'Haven at Thorpe Lane is a Joke!!!'"

● "[T]he impact of their public statements was to foment suspicion in the minds of the group members and general public."

● "[W]hile Ms. Burke and Ms. Pate were spreading misinformation, both parents repeatedly spoke to the local news media."

● "Ms. Pate and Ms. Burke were substantially involved in communicating with Haven . . . and the City [of San Marcos]."

● "[T]hese two heavily engaged parents of lead Plaintiffs are key figures in the events leading up to Plaintiffs filing suit."

● "As a result of Ms. Pate and Ms. Burke rabblerousing, news articles filled with factual inaccuracies straights from mouths of Ms. Pate and Ms. Burke began appearing."

As the supreme court has stated, "the plaintiff's petition . . . is the 'best and all-sufficient evidence of the nature of the action.'" *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. 1936)). In the present case, Haven's motion for sanctions represented the pleading that described the "nature of" the claim asserted therein.

From the foregoing quotes alone, it is obvious that Haven's anger and frustration derived not just from the mothers' advocacy on their children's behalf but on their gathering and publicly communicating complaints about Haven's business practices. We therefore conclude first that Haven's motion for sanctions is "related to" the mothers' "communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses." *See* Tex. Civ. Prac. & Rem. Code § 27.010(b);

16

*see also Heavenly Homes of S. Tex., LLC v. Infinity Custom Constr., LLC*, No. 13-21-00298-CV, 2022 WL 2069232, at *5 (Tex. App.—Corpus Christi–Edinburg June 9, 2022, no pet.) (mem. op.) ("Infinity's claims related to McCarthy's alleged solicitation of negative Facebook reviews are plainly 'related to' the 'communication, gathering, receiving, posting, or processing' of 'consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings' of Infinity's business."); *Cavin v. Abbott*, 545 S.W.3d 47, 69 (Tex. App.—Austin 2017, no pet.) (interpreting the term "relates to" as merely requiring "some sort of connection, reference, or relationship").

As quoted earlier, the TCPA also provides that a party may file a motion to dismiss if the "legal action" that is the subject of the motion "arises from" any act of the movant "in furtherance of the party's communication or conduct described by Section 27.010(b)." Tex. Civ. Prac. & Rem. Code § 27.003(a). In the area of tort-related statutes, the phrase "arises from" has been held to be "intended, at a minimum, to capture causation." *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 48 (Tex. 2015). The Texas Supreme Court has described the phrase to mean "something more than actual cause but less than proximate cause." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 928–29 (Tex. 2015); *see also Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 510 (Tex. 2022) ("We have explained that the phrase 'arises from' means 'caused by.'"). Since the TCPA is not a tort-related statute, and because a central purpose of the TCPA is to encourage persons to speak and associate freely, *see* Tex. Civ. Prac. & Rem. Code § 27.002, we believe the appropriate standard in this case is, at most, "but-for" causation.

Under that standard, we hold that Haven's motion for sanctions "arises from" the mothers' actions "in furtherance of [their] communication or conduct described by Section 27.010(b)." *See id.* § 27.003(a). Indeed, if the mothers had not engaged in their public criticism of Haven, we have difficulty seeing how their testimony would have been relevant to the issues in

17

the students' suit against Haven. And the focus that Haven gives to the mothers' public criticisms in its own motion for sanctions confirms that Haven's interest in pursuing documents from them grew, in substantial part, from the mothers' acts in furtherance of their "communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of" Haven. *See id.* § 27.010(b)(2); s*ee also Maggret v. Ramsey's Rods & Restoration*, No. 02-20-00395-CV, 2021 WL 2253244, at *2 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op.) ("In each of these statements [made by the TCPA movant], a consumer critically evaluated her experience with a business and assessed the faults in its services. These statements represent acts—posting consumer opinions or reviews of a business—that are protected by Section 27.010(b)."). Accordingly, we hold that the TCPA is applicable to Haven's motion for sanctions and that the mothers were permitted to file a TCPA motion to dismiss.

### *Disposition of the mothers' TCPA motion to dismiss*

The TCPA provides that

> on the motion of a party under Section 27.003, a court *shall dismiss* a legal action against the moving party if the moving party *demonstrates* that the legal action is based on or is in response to:
>
> . . . .
>
> (2) the act of a party described by Section 27.010(b).

Tex. Civ. Prac. & Rem. Code § 27.005(b) (emphasis added). From the pleadings and evidence, we conclude that the mothers have "demonstrated" that Haven's motion for sanctions was "based on or in response to" and "related to" the mothers' "communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses." *See id.* §§ 27.005(b)(2), 27.010(b)(2). Accordingly, the statute

18

commands us to dismiss Haven's motion for sanctions, *see id.* § 27.005(b), unless Haven "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

To establish its right to an order compelling the mothers to comply with the subpoenas, Haven had to present evidence that (1) it had served on the mothers a valid subpoena, and (2) the mothers had failed to comply with its terms. *See* Tex. R. Civ. P. 205.3(a),(d), 176.6(d). These were the "elements" of Haven's motion. *See Element*, Black's Law Dictionary (11th ed. 2019) ("element" defined as "[a] constituent part of a claim that must be proved for the claim to succeed.") It would seem to have been a simple matter for Haven to present a prima facie case for those elements in response to the mothers' TCPA motion to dismiss. *See USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 205 (Tex. 2023) ("The motion to dismiss stage is not a battle of evidence; it is the clearing of an initial hurdle. The Act does not select for plaintiffs [or movants] certain to succeed; it screens out plaintiffs certain to fail—those who cannot support their claims with clear and specific evidence." (citations omitted)). Here, however, Haven made no attempt to present any evidence establishing a prima facie case for the elements of its motion for sanctions. Instead, Haven chose to put all its eggs in the legal-action basket. Having concluded that its motion did constitute a "legal action" under the TCPA and that the mothers were authorized to bring a TCPA motion to dismiss, we are obligated to enforce Section 27.005(b) by ordering the dismissal of Haven's motion for sanctions.

Section 27.009 of the TCPA sets forth the damages and costs that can or must be awarded in connection with a TCPA motion to dismiss:

[I]f the court orders dismissal of a legal action under this chapter, the court:

(1) shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action; and

(2) may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

Tex. Civ. Prac. & Rem. Code § 27.009(a). These are matters that are properly determined by the trial court on remand.

## CONCLUSION

Having sustained the mothers' appellate issue, we reverse the trial court's order denying their TCPA motion to dismiss. We remand the case to the trial court with instructions to (1) dismiss Haven's Motion to Compel as to Third-Party Witnesses; (2) award the mothers their costs and attorney's fees as required by TCPA § 27.009(a)(1); and (3) use the court's discretion in determining whether to award sanctions pursuant to TCPA § 27.009(a)(2).

_____

J. Woodfin Jones, Justice

Before Chief Justice Byrne, Justices Baker and Jones*
  Dissenting Opinion by Justice Baker

Reversed and Remanded

Filed:   October 26, 2023

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

20